ALBANY,
Jan. 1814.

SNELL *against* LOUCKS.

SNELL
v.
LOUCKS.

IN ERROR, on *certiorari*, from a justice's court. *Loucks* brought an action against *Snell* before the justice. The summons was returned personally served, on the 28th of *October*, 1812, and the defendant did not appear. The plaintiff declared for goods sold and delivered, &c. The defendant was called and his default entered; and the justice then adjourned to the 30th of *October*, at which day the defendant appeared by attorney, and tendered a plea of the general issue, and requested a *venire* in the cause. The justice overruled the plea, and refused the *venire*, on the ground of its being too late after the defendant had been called and defaulted; but permitted the defendant to give evidence in mitigation of the damages. The justice, after hearing the evidence, gave judgment for the plaintiff for 25 dollars.

*Per Curiam.* As the summons was personally served, and the defendant did not appear on its return, the justice was then, or within *six* days thereafter, to proceed and hear the proofs and allegations of the parties. He appointed two days thereafter, for that purpose, when he rejected the plea of the defendant, and his motion for a *venire*, as coming too late. The decision was correct; for otherwise the defendant would be taking advantage of his own delay, without cause for it. It would be delaying the plaintiff oppressively. The defendant was only entitled to the indulgence granted him by the justice. The judgment must be affirmed.

Judgment affirmed.

Where a summons was personally served, and the defendant didnot appear on its return, and the justice then adjourned the cause for two days, at which day the defendant appeared and tendered a plea and demanded a jury, it was held that the plea was properly overruled by the justice, as too late after a default; and that he could only be entitled to give evidence in mitigation of damages.