SCHOOL DISTRICT No. 7, OF WRIGHT COUNTY, Plaintiff in Error,
against J. H. THOMPSON, Defendant in Error.

#### ERROR TO THE DISTRICT COURT OF WRIGHT COUNTY.

*Sec.* 37, *p.* 502, *Stat. of Minn.,* providing for adjournments in a Justices' Court, "upon the application of either party, if sufficient cause be shown upon oath"—means some good and sufficient legal cause or excuse for the delay asked. The statute intends that the parties shall proceed to trial when the pleadings are filed, unless unavoidable obstacles prevent. The Justice cannot adjourn a cause of his own motion, nor are either of the parties entitled to any adjournment of course. It must be by consent, or upon sufficient cause shown. The Defendant waives no irregularities by his failure to appear, and the Plaintiff must show a compliance with the statute in obtaining his adjournment, in order to sustain his judgment by default.

A School District is a municipal corporation, created for a special purpose, and its powers expressly limited by statute. The acts of the Trustees, within the scope of their authority, and in performance of the duties devolved upon them by the letter of the statute, [*sec.* 12, *p.* 360, *Stat. of Minn.,*] are presumed to be valid and binding upon the District. But when they step outside of the duties prescribed by statute, and engage in acts not expressly authorized by the power creating or appointing them, they must show affirmatively that their authority has not been transcended.

Where a promissory note, made by Trustees of a School District, is set up as a cause of action, it must be shown affirmatively, by the party pleading it, to have been given for a debt which the Trustees were authorized to contract.

### Points and Authorities of Defendant in Error:

*First.*—School Districts are corporations capable of suing and being sued, and fully competent to transact all business appertaining to schools in their corporate name. *Comp. Stat., p.* 360, *sec.* 6, *sub.* 8.

This power is conferred on the inhabitants as a body corporate.

The Trustees are fully authorized and empowered to contract with and employ all teachers for the District. *Comp. Stat., p.* 350, *sec.* 12, *sub.* 5.

These powers are conferred by general statute, and are within the knowledge of all, and need not be pleaded or proved.

*Second.*—The evidence shows that the District, through its Trustees, accounted and settled with Gray for his services as teacher of said District, and gave Gray the note of the District for the amount due him for his services then rendered.

The statute confers upon the Trustees the power to bind the District in employing teachers, and to settle with them for the same; and the acts of the Trustees in this case were clearly

within their power as such, and the District was bound by them.

The power to contract debts and give notes is incident to corporations generally within the scope of their corporate powers, even without express authority in the charter or other statute to do so.

*Angel & Ames on Corporations*, secs. 257, 258; *Atty. Gen. vs. Life and Fire Insurance Co.*, 9 *Paige, R.* 470; *Curtiss vs. Leavitt*, 15 *N. Y. R.* (*Smith*) 7; *Barker vs. Mechanics' Life and Fire Ins. Co. of N. J.* 3 *Wend.* 94; *Kellogg vs. Mayor of Brooklyn*, 4 *Hill*, 263–265; *Moss vs. Oakley*, 2 *Hill*, 265; *Ketchum vs. City of Buffalo*, 14 *N. Y. R.* 355.

*Third.*—And if the corporation had exceeded its corporate powers or special privilege, or exemption or other defence personal or peculiar to the corporation, it should have been set up as a defence, and cannot be taken advantage of on error. *Angel & Ames on Corp.* secs. 236, 257, 267; *N. Y. Floating Derrick Co. vs. N. J. Oil Co.* 3 *Duer*, 648.

Points and authorities of Plaintiff in Error:

I. The adjournment granted was irregular and discontinued the suit.  2 *John.* 192.  The application therefor was without cause shown, and after complaint filed.  The adjournment was not under *Public Statute, p.* 501, *sec.* 24, because the complaint, the only pleading in the case, was filed, but under *p.* 502, *sec.* 37, which requires "*sufficient cause to be shown on oath.*"  The testimony returned by the Justice on the application shows the "*cause*" to be absence of testimony.  No sufficient cause is therein shown : (1) the testimony states no fact, only conclusions of law ; (2) it shows no materiality in the witness, nor diligence to procure him ; (3) nor that he would be procured if the adjournment was granted.  *Vide folio* 17 *and* 14 *of return; Board of Wash. Co. Com'rs vs. McCoy*, 1 *Minn.* 100–102; *Pub. Stat. p.* 502, *secs.* 37 *and* 39; 8 *John.* 39.

II. The complaint does not state facts sufficient to constitute a cause of action.

1. It does not appear that Plaintiff in error was an organized School District by any act of the County Commissioners

or under any law.  *Vide complaint, folio* 22 *of return;* 11 *How. P. R.* 186; 13 *Ib.* 257; 5 *Denio,* 567; *Pub. Stat. p.* 605, *secs.* 6, 7, *as limited by sec.* 1, *same page.*  Section 1, above cited, declares that no part of the chapter, save section 2, applies to municipal corporations, as Plaintiff in error is, and hence no argument can be founded on sections 6, 7.

2.  No indebtedness is shown concerning which the District had power to account or make a note; nor has it such power to make notes; nor does any debt it was in law competent to contract appear in the complaint; nor had the Trustees authority to state an account with Gray, as no debts nor demands are stated as the basis of the settlement that the District is liable to pay.  *McCullough vs. Moss,* 5 *Denio,* 567, 577, *overruling* 2 *Hill,* 265, *and* 5 *Hill,* 136; *Pub. Stat.* 358, *sec.* 6; *Ib. p.* 360, *sec.* 12; 5 *Barb.* 218; *Vide return, folios* 22 *to* 27.

A School District is a quasi municipal corporation.  2 *Kent Com.* 278, 279, *star paging;* 4 *Hill,* 395, 396, *and cases there cited; Angel & Ames on Corporations, pp.* 20–22, *secs.* 23, 24.

Its powers as such should be more strictly construed than those of private corporations.

It is compelled by law to assume its obligations, and is for public not private advantage.

It is entirely the creature of statute, and can have no other than the statute powers.  *Laidler vs. City of St. Paul,* 2 *Minn.* 203, 204, *and* 2 *Kent's Com.,* p. 298, 299, as to *all* corporations, PRIVATE as well as *public; Pub. Stat., pp.* 358, 359, *sec.* 6; *Ib., p.* 360, *sec.* 12; *Ib., p.* 616, *sec.* 15.

It is created under a general law, presumptively known to every one, and affecting every one with notice of its powers. 5 *Barb.* 218; 3 *Com.* 430, 433—*see both cases;* 16 *English Law and Equity R.* 180–183; *Ib.* 505–510.

It is a corporation only for the purposes stated in the statute, and not in any other respect a corporation—a quasi corporation.

EDWARD HARTLEY, Counsel for Plaintiff in Error.

F. BEEBEE, and M. LAMPREY, Counsel for Defendant in Error.

*By the Court.*—ATWATER, J.  This was an action commenced before a Justice of the Peace of Wright county, by

the Defendant in error, against School District No. 7, of that county. Judgment was given in favor of the Plaintiff against the Defendant for the sum of $71.35 damages, besides costs. There was no appearance on the part of the Defendant. The cause was taken to the District Court by certiorari, and the judgment below affirmed. The Defendant brings the cause to this Court by writ of error.

We shall notice but two of the objections urged on the part of the Plaintiff in error. It is claimed that the Justice erred in adjourning the case without sufficient cause shown. It appears from the return that the summons was made returnable April 16, 1860, that the Plaintiff appeared at the hour named, and filed his complaint, and made application for an adjournment. The return states that the application for an adjournment was made by the Plaintiff's attorney, who was sworn, and testified "that he had a subpœna for, but was unable to procure the attendance of, a material witness, and could not safely proceed to trial without such witness." *Sec.* 37, *of p.* 502, *Comp. Stat.*, provides, that "when the pleadings of the parties shall have taken place, the Justice shall, upon the application of either party, if sufficient cause be shown upon oath, adjourn the cause for any time not exceeding thirty days," &c. The "sufficient cause" here referred to means some good and sufficient legal cause or excuse for the delay asked, and not any pretext which in the arbitrary discretion of the party or justice might be deemed sufficient. In this instance the ground of the application was the absence of a material witness. The evident intent of the statute is, that the parties shall proceed to trial when the pleadings are filed, unless unavoidable obstacles prevent. The time when the pleadings must take place, is "at the time mentioned in the summons for the appearance of the parties, or at such time thereafter, not exceeding one week, as the Justice may appoint for the convenience of the parties, and by their consent." (*Comp. Stat., p.* 501, *sec.* 24.) Under the statute, therefore, a Justice cannot adjourn a cause of his own motion, nor are either of the parties entitled to any adjournment of course; but every adjournment must be by consent, or for sufficient cause shown. Does the affidavit for the Plaintiff in

this case present such cause? I think not. He merely states that he had a subpœna for, but was unable to procure, the attendance of a material witness, &c. He shows the use of no diligence whatever in attempting to procure the attendance of his witness, nor in what his materiality consists. For aught that appears to the contrary the subpœna might have been issued after complaint filed, and no attempt whatever made to serve 'the same. The name of the witness does not appear, and it may have been a person out of the State, whom he could not and did not expect to obtain by the adjournment. And had the facts which he expected to prove by the witness been stated, it might have been evident to the Court that the witness was in no respect material. It will scarcely be contended that, if the Defendant had appeared and objected to an adjournment, the affidavit would have been held sufficient. But the Defendant waives no irregularities by his failure to appear, and the Plaintiff must show a compliance with the statute in order to sustain his judgment by default. If such an affidavit as this be held "sufficient cause," the statute practically amounts to nothing, for there probably never would arise a case in which an affidavit could not be interposed, going as far as this, without rendering the deponent liable to perjury. The adjournment was unauthorized, and amounted to a discontinuance. 2 *John.* 192; 8 *John.* 395; 1 *Minn.* 100.

There is another objection to this judgment. The action is brought on a note given by the Trustees of School District No. 7, Wright county. . The note reads as follows, viz:

MONTICELLO, April 4, 1858.

On the first day of January, 1860, we, the Trustees of District No. Seven, County of Wright, State of Minnesota, by order of District, agree to pay to the order of O. C. Gray the sum of sixty-six 50-100 dollars, interest at the rate of twelve per cent. per annum till paid.

S. T. CREIGHTON,<br>WM. G. CRARY,<br>I. N. BARBOUR,<br>*Trustees of District No. 7.*<br>Per S. T. CREIGHTON.

The note was endorsed by Gray to the Plaintiff.

Passing over the question as to whether one of the Trustees can give a note of the Trustees without showing that he was authorized so to do, (and there is no allegation or proof to this point,) the question is raised, as to whether the Trustees have authority to give such a note at all. The complaint alleges that Gray and the Defendant, by its officers the Trustees, had a settlement of their accounts, and that a balance was found owing said Gray, by the Defendant, of $66.50, which the Defendant promised to pay. It then goes on to state that the Trustees, by authority of an order of the District, made and delivered to the said Gray the note above quoted, and alleges transfer of the same to Plaintiff, with the usual allegations that he is the owner and holder thereof, &c., and that the same is offered to be delivered up as evidence of the said settlement and transfer.

It is not entirely clear from the complaint whether the pleader intended to allege as the cause of action the original indebtedness or the note. But if a cause of action has been properly alleged, and proved, it must be upon the note, since there is not a word of evidence touching the original indebtedness. Nor is there any profert made of the note, except as *evidence*,—evidence, in the words of the offer, of the settlement and transfer, but this statement of course can avail nothing, since the note can only be evidence of what it states or contains. In every suit upon a note the instrument is properly introduced in evidence as proof of indebtedness, and not for some different purpose. One witness stated that his name was signed by him to the note as trustee, and that said note was given to Gray for the balance due him on settlement. It was also proved that the note was endorsed to the Attorney of Plaintiff for collection. The justice in his return, and all the parties seem to treat the note as the cause of action. It is true, the Justice in his return states, that the " Plaintiff appears by his Attorney, B. I. Hinman, and files his complaint on oath, to wit, that Defendant is indebted to him in the sum of $66,50 and interest, for teaching in 1858, by O. C. Gray, said Gray having assigned said demand to Plaintiff." But the complaint itself is on file and made a part

of the return, and it no where appears from it, that either the note, or the original settlement was for teacher's wages, and the statement to that effect by the Justice was wholly unauthorized, and merits no consideration. And there being no allegation in the complaint, that such was the consideration of the note, any proof of that fact would have been improper, even had it been offered. And the argument of counsel of Defendant in Error, so far as it is based upon the assumption of the fact stated, is inapplicable to the case at bar. A school District is a municipal corporation, created for a special purpose, and its powers expressly limited by statute. The duties of Trustees are defined in *Sec.* 12, *p.* 360, *Comp. Stat.* Their acts within the scope of their authority and in performance of the duties devolved upon them by the letter of the statute, are presumed to be valid, and binding upon the District. But when they step outside of the duties prescribed by statute, and engage in acts not expressly authorized by the power creating or appointing them, they must show affirmatively that their authority has not been transcended. School Districts are often termed by the authorities, *quasi* corporations, that is, a corporation created with powers *sub modo*, and for a few specified purposes only. They are deficient in many of the powers incident to the general character of corporations. *Ang. and Ames on Cor.* 20, 21 ; *Kent's Com. Vol.* 2, *p.* 314. And the doctrine is now well settled, in regard to all corporations, that they have only such powers as are specifically granted by the act of incorporation, or as are necessary for the purpose of carrying into effect the powers expressly granted, and as not having any other. As they are mere creatures of law, established for special purposes, and derive all their powers from the acts creating them, it is perfectly just and proper that they should be obliged strictly to show their authority for the business they assume, and be confined in their operations to the mode and manner, and subject matter prescribed. *Kent's Com. Vol.* 2, 350 ; 13 *Pet.* 587.

We have then, in the case at bar, a promissory note, made by the agents of a *quasi* corporation, set up as the cause of action, without anything either in the instrument itself, or in the pleadings to show the consideration for which it was

given.  There is nothing in the act creating this corporation, authorizing it, through its Trustees or otherwise, to make promissory notes, nor is such authority necessary for the purpose of carrying into effect the powers expressly granted.  It may be urged that the words in the note, " by order of the District," conferred authority on the Trustees to make the note.  But I do not think that language means more than that the District had authorized the payment of a debt due to Gray; but even if it is to be understood as a direction to the Trustees to give Gray a note, it does not aid the Defendant in Error, since the District itself lacks the power to confer authority on its agents, as above stated, to make promissory notes.  *Comp. Stat. Sec. 6, p. 358*, prescribes what acts a District may do in its collective capacity, and neither expressly or by implication is any such authority conferred.  And throughout the whole chapter there is nothing even remotely looking to the grant of such powers, but the strongest reasons for supposing that the Legislature never intended to grant such authority.  Where the question concerns the pay of teachers, the precise method of payment is pointed out, and where there is any deficiency in the treasury to meet the necessary expenses incurred in the maintainance of a school in any District, a way is pointed out for meeting the deficiency ; and though the giving a note to pay a debt of the District *in futuro*, might seem to the District or Trustees most convenient, the Legislature has not thought fit to grant authority for such purpose.

We do not, however, propose in this case to go so far as to hold that in no circumstances, will a note made by the Trustees of a School District be valid, but only that in all cases where it is set up as a cause of action, it must be shown affirmatively by the party pleading it, to have been given for a debt which the Trustees were authorised to contract.  There is no presumption in favor of its validity, but rather the contrary.  *McCullough vs. Moss 5 Denio 567 ; Halstead vs. The Mayor, &c. of the City of N. Y., 5 Bar. 218.*  In this last case it is stated that " it has long been a settled doctrine in this state, that a corporation without any express power in its charter for that purpose, may make a negotiable

promissory note or bill of exchange when not prohibited by law from doing so : provided such note or bill is given for a debt contracted in the course of its proper legitimate business." The cases cited however in support of this principle, refer for the most part to corporations having general powers, and we are aware of no case where the principle has been applied to a corporation of this kind, where its mode of action is expressly pointed out by statute. It is therefore very questionable whether the principle is applicable to a corporation of the limited powers vested in a School District under our statute. The decision of that point, however, is not necessary to the disposition of this case. The Plaintiff having failed to allege or prove that the debt for which this note was given, was contracted in the course of the proper legitimate business of the Defendant, he cannot recover in this action.

The judgment below is reversed.

*Emmett, Chief Justice, dissents.*