Holgate v. Broome.

ROBERT HOLGATE, Appellant, vs. MATTHEW BROOME, Respondent.

**APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.**

The pleadings in a Justice's Court must take place at the time mentioned in the summons for the appearance of the parties, or at such time thereafter, not exceeding one week, as the Justice may appoint by consent of parties.

A Defendant set up in an answer, by way of counter-claim, that the Plaintiff was indebted to him in a certain amount for lumber sold and delivered at Plaintiff's request. It was not stated when the lumber was sold, nor that it was worth the sum claimed, nor that the Plaintiff had ever promised to pay that or any sum     No proof was introduced by Defendant, and the Justice rendered judgment for Defendant on the answer.   *Held*, that the answer only stated a conclusion of law, and no facts having been proved, showing a valid counter claim, the judgment was erroneous.

Points and Authorities of Appellants.

I.—The statute is imperative that the pleadings must take place at the time mentioned in the summons for the appearance of the parties, or at a time not exceeding one week thereafter.

A Justice of the Peace is an officer of special jurisdiction and powers, and must proceed in the mode prescribed by statute and not otherwise.

In case either party shall fail to appear within one hour after the hour of adjournment the Justice shall dismiss the suit or proceed to hear the proof of the party present, and render judgment thereon accordingly, as the case may require. *Comp. Stat., p.* 506, *sec.* 5, 7.

The Justice erred in this case in receiving the pretended answer of the Defendant after the time by law allowed, and in giving judgment upon the pleadings upon motion of Defendant's attorney, without any evidence whatever. 12 *Wend.*, 150; 11 *John.*, 69; 3 *Abbott's Prac. Rep.*, 107; 10 *Johns.*, 106.

II.—Pleadings in Justices' Courts must be governed by the same rules as in other Courts. The Plaintiff waives no irreg-

ularities by his failure to appear, and the Defendant must show a compliance with the statute, in order to sustain his judgment by default, and on his motion. *School District vs. Thompson*, 5 *Minn.*, 280.

III. There is no counter-claim pleaded in the answer. The Defendant must either allege that the lumber sold was of the value and the amount of the indebtedness claimed in his answer, or that the Plaintiff expressly promised to pay him that amount therefor. Without one or the other of these allegations, the averment of indebtedness is a mere conclusion of law, unsupported by any facts. *Foerster et al., vs. Kirkpatrick et al.*, 2 *Minn.*, 212; 15 *Bar. S. C. Rep.*, 33, and cases cited.

IV.—The answer in this case does not state the particular items of the supposed counter-claim therein attempted to be set up, and, therefore could not have been allowed by the Justice under the statute, *page* 504, *sec.* 47.

Points and Authorities for Respondent.

I—If the Plaintiff neglected to appear before the Justice, within the time prescribed by law, and make the objections of which he now complains, he has no relief, and ought to have none, against his own negligent acts. It is too late after the final disposition of the action by the Justice, to raise the questions stated in his affidavit for the writ. 19 *Wend.*, 361; see *Hollinshead vs. Von Glann*, 4 *Minn.*, 190; 2 *Minn.*, 259 and 313.

II.—The case does not show that any error materially affecting the merits of the controversy has intervened, nor does it appear that the Plaintiff has any merit in the application. He had the right of appeal in the action, and has wholly failed to take the preliminary steps before the justice entitling him to the benefits of *certiorari*.

III.—The counter-claim set up in the answer was a good defence to the action, and if not technically set forth according to the requirements of the code, it is too late to make objections after the rendition of the judgment, or to complain of his own negligence in the premises. *Com. Stat.*, 502, *sec.* 34.

It is at the most only a defective statement of a good defence and amendable, (9 *Cow.*, 151; 1 *Wend.*, 53,) and the judgment cures the defect. 15 *Johns.*, 121, *and* 276; 15 *Wend.*, 503; *see Comp. Stat.*, *p.* 540, *sec.* 90.

IV.—The continuance of the action by the Justice, before the pleadings were filed, (with the consent of the parties) did not prejudice any rights of the Plaintiff, and the Justice had a right to fix a time other than the day named in the summons for the pleadings, to be filed. *Com. Stat.*, *p.* 501, *sec.* 24.

V.—The Defendant was entitled to judgment before the Justice upon the pleadings. And in rendering such judgment without further testimony, there was no error. *Com. Stat.*, *p.* 501, *secs.* 33, 36. *

VI.—This Court can only affirm or reverse the judgment below. 3 *Hill.*, 246; 1 *Chand. M. R.*, 59; 1 *Minn.*, 24; 11 *Mass.*, 462; 4 *M.*, 670; 3 *M.*, 205; 5 *M.*, 420.

LAMPREY & STOREY, Counsel for Appellant.

S. M. FLINT, Counsel for Respondent.

*By the Court.*—ATWATER, J.—The Appellant commenced an action in a Justice's Court against Respondent, and filed his complaint Sept. 18, 1862, the return day of the summons. The answer was filed, as appears by an endorsement thereon, Sept. 26, 1862, to which time the cause had been adjourned by consent of parties. The cause was called on that day at the adjourned hour, and Plaintiff did not appear. Defendant appeared by attorney, and filed his answer. The Plaintiff did not appear within the hour, and Defendant left, offering no evidence. The Justice rendered judgment for Defendant for one dollar damages, and costs taxed at $4.05. The Plaintiff took the case to the District Court by *certiorari*, where the judgment was affirmed. The Plaintiff then appealed to this Court.

The first objection here raised is, that it was error in the Justice to permit the Defendant to file his answer after the expiration of one week from the time named in the summons

for the appearance of the parties. I think this objection well taken. *Sec.* 24, *Comp. Stat.*, *p.* 501., provides, that " the pleadings in Justices' Courts *must* take place at the time mentioned in the summons for the appearance of the parties, or at such time thereafter, not exceeding one week, as the Justice may appoint, for the convenience of the parties, and by their consent." This statute is imperative that the pleadings must take place at the time mentioned in the summons for the appearance of the parties. The Justice has no power to receive them at any other time, save by consent of parties; when this is given, he may receive them at any time thereafter, *not exceeding one week*. A Justice of the Peace is an officer of special and limited jurisdiction, and derives all his power and authority from the statute, and must confine himself in the trial of causes within the limits prescribed by statute. (*Snell vs. Loucks.* 11 *Johns.*, 69; *Pickert vs. Dexter*, 12 *Wen.*, 150; *School District vs. Thompson*, 5 *Minn.*, 280.)

It appears by the return that the adjournment to the 26th, was by consent, but that does not carry with it consent for the Defendant to plead after the expiration of a week, and consequently the question does not here arise, whether consent of the parties would give the Justice jurisdiction to receive the plea, after the expiration of the time limited by statute. All that the Defendant could have done upon the adjourned day, was to move for a dismissal of the action upon the non-appearance of the Plaintiff within the hour. (*Comp.Stat.,p.*506,*sec.*57. 3 *Abb. Prac. R.*, 107.) The Justice, had, then, no authority' to receive a plea from the Defendant, or to render a judgment upon the merits in the absence of the Plaintiff.

There is another objection urged by Plaintiff, which I also think fatal to the judgment below. The answer set up a counter-claim, alleging that the Plaintiff was indebted to Defendant in the sum of $28, for lumber sold and delivered to said Plaintiff, at Plaintiff's request. There is no statement in the answer where the lumber was sold, nor that the lumber was worth the sum charged, nor that the Plaintiff ever promised to pay that sum. The answer pleads a bare conclusion of law, not a single fact being stated showing such indebtedness. The answer is clearly insufficient under the statute,

providing that facts must be pleaded and not conclusions of law. It is not a defect of form but one of substance, and is not aided by any statute or authority providing that pleadings shall be liberally construed, with a view to substantial justice between the parties. In *Foerster vs. Kirkpatrick*, 2 *Minn.*, 210, we held that a plea of this kind was insufficient. To the same effect is *Hall vs. Southard*, 15 *Barb. S. C. R.*, 33.

It is true that Courts will overlook defects, both of substance and form, in the pleadings in a Justice's Court, when the parties go to trial on the same without objection, and a good cause of action is proved. And though in such cases judgment will not usually be reversed for defects in the pleadings, yet I know of no well considered case, upon a declaration or pleading which states no facts constituting a cause of action, and where a cause of action has not been proved, that the judgment has been held good. Nor is this case aided by the provision of statute that every material allegation in a complaint, or relating to a counter-claim in an answer, not denied by the pleading of the adverse party, must on the trial be taken to be true. No material allegation of any kind is pleaded in this answer. The allegation of indebtedness may be omitted, if facts are pleaded showing an indebtedness, but the reverse of this is not true. It appears by the return that no evidence was offered, therefore there was no proof to supply the defects in the answer. Nor does a party waive irregularities by his failure to appear, and if a party takes judgment in the absence of the adverse party, he must see to it that he complies with the provisions of statute. (5 *Minn.*, 280.)

The judgment below must be reversed.