## MARCUS W. BATES vs. B. B. RICHARDS LUMBER CO.

Argued Dec. 8, 1893.   Affirmed Dec. 28, 1893. .

No. 8535.

A contractor may assign his claim for the contract price.

A beneficial interest in a contract for work and labor may be assigned by a party who engages therein to perform the same, so as to entitle the assignee to recover the contract price upon the fulfillment of the contract by the assignor.

If no exception to a charge be taken, this court will not review it.

Where the court, in summing up the case to the jury, stated that certain questions were conceded to be the only ones in the case for the consideration of the jury, eliminating all other questions, and no exceptions to the charge were reserved, a general verdict of the jury will be final, as respects the issues of fact in the case, if there is sufficient evidence to sustain it.

Appeal by defendant, the B. B. Richards Lumber Company, a corporation, from an order of the District Court of St. Louis County, *D. B. Searle*, J., made July 21, 1893, denying its motion for a new trial after verdict for plaintiff for $2,072.83.

*Twomey & Morris*, for appellant.

*R. R. Briggs*, for respondent.

VANDERBURGH, J.   The defendant, in December, 1891, entered into an agreement with the firm of Little, Thompson & Le Page to cut

certain pine timber owned by the defendant into logs, and deliver the same at a place designated in the contract, at the price of $4 per 1,000 feet. Payments were to be made in specified installments, as the work progressed. On the 10th day of March, 1892, Little, Thompson & Le Page had cut and delivered in the boom designated in the contract 1,237,540 feet of logs, the contract price of which amounted to the sum of $4,950.16.

The plaintiff in this case furnished certain supplies to Little, Thompson & Le Page, to enable them to carry on their work, to the amount and value, in all, of $1,957.83.

As security for the plaintiff, for his advances, Little, Thompson & Le Page did on the 18th day of January, 1892, assign to him the contract above mentioned, and in and by the assignment authorized him to collect and receipt for all moneys due, or to grow due, on the contract, and retain from the proceeds all sums that might be due to him from time to time. It was stipulated that the effect of the contract was not to substitute plaintiff for them in the execution of the contract. Defendant had due notice of the assignment on the 22d day of the same month. Such a beneficial assignment is operative to effect the purpose manifestly intended, and the assignee is entitled to bring an action in his own name for any moneys which may be due on the contract. As he was obliged to account for the proceeds, he may be treated as a trustee of an express trust, and entitled to sue on it. It is admitted that prior to the assignment the defendant had paid upon the contract the sum of $1,142.69, which the court directed the jury to allow to defendant.

Certain facts drawn from the evidence by the court were assumed as conceded, and expressly so stated, in its charge to the jury. The court, among other things, stated to the jury that it was conceded that there was due from Little, Thompson & Le Page the sum above mentioned, and that no point was made in the case that they had not fulfilled all the terms of the contract, and that also, upon the theory upon which the case was finally submitted to the jury, and upon the facts admitted, there was but one question for them to determine, and that was whether certain time checks issued by Little, Thompson & Le Page to their employes were paid and taken up by defendant, with the consent and approval of the plaintiff, so as to entitle the defendant to a set-off to the amount thereof, and that this was the

only question of fact for the jury to consider in the case. These instructions passed unchallenged, and were not excepted to or questioned by the defendant. The jury, therefore, had the right to accept them, and presumably acted upon the case as thus submitted to them. The defendant took no exception to the withdrawal by the court from the consideration of the jury of other questions, and hence the error, if any, cannot now be considered, and a general verdict was rendered. And the question whether the evidence is sufficient to support the verdict is not reached by the assignments of error. The only assignment that could have any relation to the matter is the last one made by appellant, viz., that the court erred in denying defendant's motion for a new trial, which is too general, because the motion was made on several grounds. The first assignment of error is not mentioned in defendant's brief, or in the argument, and must be deemed abandoned. *Romer* v. *Conter,* 53 Minn. 171, (54 N. W. 1052.)

All the other assignments relate to the reception of evidence over defendant's objection on the trial, and, in so far as they have not been referred to, are necessarily eliminated from the case by the disposition made of the questions of fact in the charge of the court.

Order affirmed.

(Opinion published 57 N. W. Rep. 218.)