## RODGERS v. TORRENT.

CONTRACTS—ASSIGNMENT.

> The right to recover money which has already become due under a contract is assignable, although the obligations are such that the defendant could not be required to rely upon an assignee to perform that part of the contract remaining executory.

Appeal from Muskegon; Russell, J. Submitted January 5, 1897. Decided March 10, 1897.

Bill by Lincoln Rodgers against John Torrent for an accounting. From an order overruling a general demurrer to the bill, defendant appeals. Affirmed.

*Bunker & Carpenter*, for complainant.

*C. W. Sessions*, for defendant.

MONTGOMERY, J.    Complainant filed a bill for an accounting.    The bill sets out a contract between Alexander Rodgers and defendant, which recites that Alexander Rodgers and defendant were the owners of various letters patent, relating to log-turning and log-rolling machines, and that, by assignments from Rodgers to Torrent, all these patents had become vested in defendant.    By the terms of the contract Torrent agreed to prosecute for, adjust, settle, and collect for infringements upon any of these patents, and to keep a correct account of his doings and transactions, and to render an account of the same once in six months, and, at that time, to divide the amount of collections from every source, whether in money, evidences of debt, or securities.    Rodgers agreed, on his part, during the lifetime of the patents, to manufacture or cause to be manufactured, in a proper manner, the machines covered by the letters patent, and to sell and dispose of the same at prices to be agreed upon, and to properly advertise the machines, and make the sale thereof as extensive as he should be able, using his best judgment in the matter.    He likewise undertook to keep a correct and detailed account of machines sold, and to make settlements every six months, retaining the cost of manufacture and 10 per cent. profit on manufacture, and divide the balance of the proceeds equally between the parties. The bill further avers that about the 1st of September, 1890, defendant rendered an account to Alexander Rodgers of $5,485.07, upon which he paid Rodgers $1,500, but that since that time he has collected large amounts, but has rendered no account.    The bill alleges that on the 21st of September, 1893, Alexander Rodgers, for a valuable consideration, assigned and transferred to complainant the said contract, together with all his right, title, and interest therein, with full authority to have,

receive, sue for, and collect the same; that demand has been made upon Torrent for an accounting, which has been refused.   The bill prays for an accounting.

The defendant interposed a general demurrer, and assigns as a ground of demurrer the claim that the contract between Alexander Rodgers and defendant was not assignable.   The demurrer does not allege a nonjoinder of parties, but is general, as before stated.   Nor does it appear that any such ground of demurrer was urged below.   In the brief of defendant's counsel it is stated: "It is not a case of nonjoinder of the proper parties to the bill.   On the contrary, the bill is filed by an interloper, in whose favor there can be no equities."   After the demurrer was overruled in the court below, the complainant, availing himself of the privilege granted by rule, amended his bill by making Alexander Rodgers a party.   We need not determine, therefore, whether Alexander Rodgers was a necessary party, as any objection on that ground had been obviated before the objection was urged by defendant.   Indeed, as before stated, no such objection has yet been urged.   The single question is whether complainant, by the assignment averred, obtained such a right to the avails of this contract, so far as executed, as entitled him to maintain this bill.   If it be conceded, as we think it should be, that defendant could not be required to rely upon the complainant to perform that part of the contract which remains executory, and which Alexander Rodgers undertook to perform, the fact still remains that certain sums of money were to grow due, under the contract, to Alexander Rodgers, at stated intervals, which he was, at these times, entitled to receive.   The right to demand and receive these moneys, we think, is assignable.   See *Perkins* v. *Butler Co.*, 44 Neb. 110; *Bates* v. *Lumber Co.*, 56 Minn. 14.   It is one thing to say that a party may not be required to assume contract relations with another, and to rely upon such other to perform stipulations made with a third person, and another thing

to hold that the right to recover money under a contract performed in whole or in part shall not be subject to assignment.

The decree will be affirmed, with costs, and the cause remanded.

The other Justices concurred.