NELLIE BURTON v. CHARLES GAGE and Others.[1]

January 31, 1902.

Nos. 12,837—(39).

### Verbal Transfer of Contract—Statute of Frauds.

A logging contract between a lumber company and the contractee, who had agreed to perform services thereunder, was verbally transferred by the latter to a third party as a security for supplies, a portion of which were delivered at the time of such transfer. *Held*, such transfer was not void under the terms of G. S. 1894, § 4210.

### Laws 1899, c. 268.

Laws 1899, c. 268, *held* not applicable to the facts as found by the trial court in this case, for the reason that, in the transaction between such contractee of the lumber company and the furnisher of the supplies, the parties were acting in good faith.

[1] Reported in 88 N. W. 997.

Evidence.

> Evidence considered, and *held* ample to support the findings of fact, which also justify the conclusion of law based thereon.

Action in the district court for Ramsey county against defendants Gage and Kerr, to determine their title to, and to recover the sum of $348.65 paid into said court by defendant C. A. Smith Lumber Company to abide the determination of the action. The case was tried before Brill, J., who found in favor of defendants Gage and Kerr. From an order denying a motion for a new trial plaintiff appealed. Affirmed.

*James Schoonmaker*, for appellant.

*B. F. Wright*, for respondents.

LOVELY, J.

Upon proper pleadings in garnishee proceedings, where, between parties having opposite interests, each claimed a fund deposited in court under stipulation to abide the determination of the suit, the court made specific findings of fact, and, as a conclusion of law, held that plaintiff was not entitled to a specific fund on deposit, and that defendants were. The appeal is from the order of the trial court denying plaintiff's motion for a new trial.

The findings of fact are very complete, and embrace all that is necessary to determine the questions presented on this appeal. It appears from such findings, substantially, that on November 4, 1898, one B. O. McGhee entered into a logging contract with the Smith Lumber Company to cut, bank, and run certain logs, upon which the lumber company was to pay McGhee a specified compensation. This contract was executed in duplicate, one of which was delivered to McGhee, and one retained by the lumber company. November 5 following, the partnership firm of Gage & Kerr entered into an oral agreement with McGhee to sell and deliver to the latter such groceries, feed, tools, and other supplies as he needed to enable him to carry out the contract with the lumber company,—a considerable amount being needed for such purposes,—when McGhee, in consideration of such agreement, and as security for the supplies, delivered to Gage & Kerr his duplicate contract, and orally transferred to that firm his right to the

money to come due to him thereunder, with authority to collect the same when due, to the extent that he might be indebted for articles sold and delivered to him under such agreement. Pursuant to the agreement for supplies, Gage & Kerr immediately delivered to McGhee a considerable quantity of the supplies thus bargained for, whereupon McGhee thereafter entered upon the performance of his contract with the lumber company, and completed the same in the spring of 1899, when there became due to him the sum of $248.68. During the continuing performance of the contract with the lumber company by McGhee, Gage & Kerr furnished him other supplies to the total amount of $2,000. On November 25, 1898, twenty days after the oral agreement between McGhee and Gage & Kerr, the former made and delivered to plaintiff his written order directing the lumber company to pay plaintiff the sum of $398 out of moneys due him on the logging contract which he had already pledged to Gage & Kerr. This order was presented to the lumber company, but was not paid. On November 18 of the following year, the lumber company, by agreement, deposited, subject to the order of the court, the sum of $348.65. This deposit was made, with the consent of plaintiff and defendant, to await the ultimate decision of the garnishment proceedings in the suit then pending. The deposit was made without prejudice to the rights of the parties, whereupon the lumber company was discharged from any liability.

We have carefully considered the evidence, and are satisfied that it supports the facts found by the trial court, as stated above. This leaves the question of law open, whether the defendants Gage & Kerr are entitled to the fund so deposited. It seems quite clear that the transfer of the beneficial interest in the logging contract must be treated as a pledge of the rights of McGhee to Gage & Kerr under the same. For a beneficial interest in a contract for work and labor is assignable by a party who engages to perform it so as to entitle the assignee to recover the contract price upon its fulfilment (Bates v. B. B. Richards Lumber Co., 56 Minn. 14, 57 N. W. 218), unless, as claimed in this case, the failure to evidence the assignment in writing renders it void under the statute of frauds, providing that every contract for the sale of any goods,

chattels or things in action for the price of fifty dollars or more shall be void, unless the buyer at the time of the sale pays some part of the purchase money. G. S. 1894, § 4210.

We have no doubt that the payment of a part of the purchase money is satisfied, under the terms of the statute, if, instead of money in specie, a valuable equivalent in goods or property is given in lieu thereof. Holding, as we have done, that the pledge or assignment of McGhee to plaintiff of his rights under the contract was not void, we must further hold (following the decisions of this court) that, as between plaintiff and Gage & Kerr, the rights of the latter firm were prior to and superseded those of the plaintiff in the fund held by the court for distribution. MacDonald v. Kneeland, 5 Minn. 283 (352); Lewis v. Bush, 30 Minn. 244, 15 N. W. 113.

It is insisted, however, for the plaintiff, that Laws 1899, c. 268, is applicable to the case of oral assignments, and must defeat the claim of defendant. The material part of this statute provides that

"Every assignment or transfer of any debt, except such debts as are evidenced by an instrument in writing, subscribed by the party obligated and delivered to the assignee at the time of such transfer, shall be presumed to be void as against any creditor of the person making such assignment."

Conceding, without deciding, that the word "creditor" would apply to Gage & Kerr in this transaction, we do not see how plaintiff can derive any advantage from this statute; for, from the conclusions of fact found by the court, such details of good faith, valuable consideration, and other evidences of bona fides and merit in the pledge so conclusively appear as to negative the presumption provided therein.

The order of the trial court must be affirmed.