### W. S. TELFORD v. MARIUS HENRICKSON.[1]

February 7, 1913.

Nos. 17,790—(164).

**Bankruptcy — construction of section 3502.**

R. L. 1905, § 3502, providing that "every assignment of a debt, unless the same be in writing and be filed with the clerk of. the town or municipality in which the assignor resides, shall be presumed to be fraudulent and void as against his creditors, unless those claiming thereunder make it appear that it was made in good faith and for a valuable consideration," does not "require" a "recording or registering" within the meaning of the bankruptcy act of 1898, § 60, subd. "a," "b," as amended; and hence, where a written assignment of a claim was actually made more than four months prior to the filing of a petition in bankruptcy by the assignor, it could not be avoided by the trustee in bankruptcy as being a preference under section 60, "a," "b," though it was never filed.

Action in the district court for St. Louis county by the trustee of the estate of Henry C. Henrickson, bankrupt, to recover $9,000. The answer denied all the allegations of the complaint, except those in regard to the appointment of plaintiff's trustee and the business occupation of the bankrupt. The case was tried before Cant, J., who made findings and ordered judgment in favor of plaintiff for $5,765.-

[1] Reported in 139 N. W. 941.

Note.—As to when local law deemed to require the registering or recording of a transfer, within the meaning of § 60a of the bankruptcy act of 1898 as amended by the act of 1903, see notes in 5 L.R.A.(N.S.) 148 and 18 L.R.A.(N.S.) 1233; and the relation of the bankrupt law to assignments and insolvency proceedings under state laws is the subject of a note in 45 L.R.A. 177.

25. From an order denying defendant's motion for a new trial, he appealed. Reversed.

*R. R. Briggs,* for appellant.

*Thomas J. Davis, W. S. Telford* and *J. A. P. Neal,* for respondent.

PHILIP E. BROWN, J.

The complaint after alleging the filing on February 4, 1910, of a voluntary petition in bankruptcy by Henry C. Henrickson, a building contractor to whom we will hereafter refer as the bankrupt, the granting thereof on February 28, 1910, and the due appointment and qualification of the plaintiff as trustee, charged that the bankrupt was insolvent at the time of the filing of his petition, and had been for a long time prior thereto, and for a first cause of action alleged that on November 17, 1909, within less than 90 days prior to the filing of the petition, the bankrupt unlawfully paid and caused to be transferred out of his assets to the defendant, who unlawfully received the same, over $4,000, wholly without consideration. For a second cause of action the plaintiff set out that on the same day and within the same period the bankrupt paid and caused to be transferred out of the assets of his estate to the defendant, who was then a creditor whose claim was unsecured, over $4,000, with intent thereby to give the defendant a preference over the bankrupt's other creditors, and that the defendant thus obtained a greater percentage of his debt than any other creditor of the same class. The complaint then, after reciting formal matters, further alleged that the defendant, at the time he received such payment, knew that the purpose was to give him preference, and also that the bankrupt was then, and for a long time had been, insolvent. The answer denied all of the allegations of the complaint save those relating to the defendant's business and bankruptcy.

The trial was without a jury, and findings were made to the following effect:

The bankrupt entered into a contract with a school district in St. Louis county, on October 8, 1908, for the erection of a schoolhouse,

for the sum of $58,300, and proceeded to construct the building. On August 24, 1909, the bankrupt, being indebted to his brother, Marius Henrickson, this defendant, in the sum of $4,636.97 on open account, and also primarily liable on a promissory note due September 24, 1909, and the defendant being secondarily liable thereon, the bankrupt executed to the defendant an assignment in writing, for the stated consideration of $1, purporting to transfer to him all moneys due or to become due under the contract with the school district. The true consideration of the assignment, however, was the bankrupt's indebtedness referred to, together with an agreement on the defendant's part to assume and pay certain claims owed by the bankrupt to his creditors, aggregating $3,225.75, which latter convention was executed before the bringing of this action. On November 17, 1909, the school district paid to the defendant, pursuant to the assignment, the sum of $8,991.

The court further found, in substantially the following language: That at the time of the execution of the assignment the defendant had reason to believe, and in fact knew, that the bankrupt was insolvent, and knew that thereby he was obtaining a preference over the other creditors of the bankrupt of the same class; that the assignment was not given in good faith, and was never filed with the clerk of the municipality in which the assignor resided; and that the total consideration paid by the defendant in reliance upon the instrument was the sum of $3,225.75.

The court's conclusions of law were to the effect that the assignment was invalid, and that the payment to the defendant by the school district constituted an unlawful preference. The court allowed the defendant to retain the sums referred to as paid out by him, namely, $3,225.75, and ordered judgment against him for $5,765.25, with interest from November 17, 1909; and, having denied the defendant's motion for a new trial, he appealed from the order.

1. Upon these findings, the first attack upon the transfer here involved is that the assignment of date August 24, 1909, was fraudulent as against the assignor's creditors, without reference to any

specific provision of the bankruptcy act. This ground of attack, however, is not available in this case; for, while under section 70e of the bankruptcy act the trustee may avoid any transfer which the bankrupt's creditors might have avoided, even though the same was made more than four months prior to the filing of the petition in bankruptcy (Underleak v. Scott, 117 Minn. 136, 140, 134 N. W. 731), no question of actual fraud is raised by the record before us.

The respondent's first cause of action, which is predicated upon a lack of consideration, is manifestly not sustained by the findings, and his second cause of action must be held to be based entirely upon the theory that the assignment constituted a preferential transfer under section 60, subds. "a," "b," of the bankruptcy act. We will therefore pass to this latter contention, for upon its determination depends the question as to whether the assignment can be sustained; it having been conceded, and correctly, we think, upon the oral argument, that no claim under section 67e is involved, and, even if it were not so conceded, still the assignment could not be attacked under this section, it being necessary thereunder that actual fraud be proved (Meservey v. Roby [C. C. A.] 198 Fed. 848), and there being no allegation of such fraud in the complaint. Furthermore, the defendant, throughout the trial, resisted the introduction of evidence upon the theory of actual fraud, and the findings of the court exclude every theory of recovery, except under section 60, subds. "a," "b.'

2. The respondent invokes the provisions of section 60, subds. "a," "b," on the theory that the assignment of August 24, 1909, was invalid, and hence that the payment made. pursuant thereto on November 17, 1909, should be deemed to be the real transaction involved, which transaction the respondent attacks as a preferential transfer made within four months of the filing of the petition. Since, however, as we have already held, the assignment of August 24, 1909, is not, upon this record, open to attack, except under section 60, subds. "a," "b," the respondent's theory cannot be adopted, and the validity of the payment of November 17, 1909, must turn upon whether the assignment pursuant to which it was made is assailable under this section.

We will assume, for the purposes of this case, that this issue was raised by the pleadings and that the court properly found upon it; but we will not consider. the question of actual fraud, for, though the court found that the assignment was "not given in good faith," this finding, in the connection in which it was made and in view of the pleadings, must be deemed to refer to the fact that the assignee had notice of the assignor's insolvency, as bearing upon the question of a preference within the meaning of section 60, subds. "a," "b."

Was, then, the assignment such a preference? If it had been made within four months prior to the filing of the petition in bankruptcy, there could be no doubt that it was such; but it was not actually made within such time. To meet this objection, however, the respondent invokes R. L. 1905, § 3502, as bringing the assignment within the provision of section 60a of the bankruptcy act, that "where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required."

The question as to what constitutes a requirement of record or registration, within this provision, is by no means settled; most of the cases turning upon the meaning of the word "required," and there being much conflict among them in this regard. It seems that the weight of authority, and reason as well, is to the effect that the recording or registering of a transfer is not deemed to be required, unless, under the state law, the same is essential to validate the transfer as against the creditors represented by the trustee, though some of the cases seem to go considerably beyond this. See note to First Nat. Bank v. Connett, 5 L.R.A.(N.S.) 148; note to Loeser v. Savings Deposit Bank & Trust Co. 18 L.R.A.(N.S.) 1233; 1 Remington on Bankruptcy, § 1383; 1 Loveland on Bankruptcy, § 499; In re Sturtevant, 188 Fed. 196, 110 C. C. A. 68.

But, however this may be, we have found, and have been cited to, no case which has gone so far as to hold that "recording or registering" is deemed to.be "required," unless failure to record or register will invalidate the transfer as to some one. In other words, the trans-

fer must at least come within the operation of some recording act; and the perfectly well understood purpose of such acts is to give notice to certain persons or classes of persons of the transactions evidenced by recordable instruments, the effect of failure to record being to render the transfer invalid as against such persons, if without other notice. .

With this rule in mind, let us examine our statute. It provides:

"Every assignment of a debt, unless the same be in writing and be filed with the clerk of the town or municipality in which the assignor resides, shall be presumed to be fraudulent and void as against his creditors, unless those claiming thereunder make it appear that it was made in good faith and for a valuable consideration: Provided, that this section shall not apply to debts evidenced by writing subscribed by the debtor, and delivered to the assignee at the time of the assignment thereof. Assignments required by this section to be filed need not be acknowledged."

This statute is not a recording act. Under its provisions a written assignment which is not "filed" is placed in a class with oral assignments. Though not filed, the assignment nevertheless dates from its actual execution, and its validity as against the whole world depends, not upon its *filing,* but upon its inherent character. No substantive rights, either of the parties to the assignment, or of subsequent assignees, or of the debtor, in case, without actual notice, he pays the assignor, or of creditors, are affected either by the *filing* or the failure to *file.* In short, this act provides a mere rule of evidence (see Burton v. Gage, 85 Minn. 355, 88 N. W. 997; Baylor v. Butterfass, 82 Minn. 21, 84 N. W. 640), just as does the section next succeeding it (see Thorpe v. Pennock Mercantile Co. 99 Minn. 22, 108 N. W. 940, 9 An. Cas. 229). Such being the case, we hold that R. L. 1905, § 3502, does not "require" a "recording or registering" within the meaning of the bankruptcy act, and hence that the assignment here involved, having been made more than four months prior to the filing of the petition in bankruptcy, cannot be avoided as a preference under section 60, subds. "a," "b."

Order reversed.