## JAMES J. LEONARD v. S. H. FARRINGTON.[1]

December 26, 1913.

Nos. 18,401—(80).

**Assignment before completion of contract.**

1. One who has contracted to perform certain specified work may assign his claim for the compensation to be received therefor before the work has been completed.

**Same — failure to file — burden of proof.**

2. Failure to file the assignment of a debt as provided by section 7017, G. S. 1913, does not render such assignment absolutely void, but casts upon the assignee the burden of proving that it was made in good faith and for a valuable consideration.

**Decision sustained by evidence.**

3. Evidence examined and *held* to sustain the findings and decision of the trial court.

In garnishment proceedings against the county of Le Sueur in the district court for that county, the garnishee disclosed that its county commissioners had allowed four bills to defendant, but that the warrants which had been drawn had not been delivered. The First National Bank of Waterville intervened and in its complaint alleged a purchase by it from defendant of the bills in question; that the written bills were duly assigned to it; that defendant had no interest in them or to the proceeds thereof since they were so assigned; and that it thereafter notified the garnishee of such assignment. These allegations of the complaint in intervention were denied by plaintiff. The proceeding was heard before Morrison, J., who made findings and ordered judgment in favor of intervener. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Charles C. Kolars,* for appellant.

*M. R. Everett* and *Moonan & Moonan,* for respondent.

[1] Reported in 144 N. W. 763.

Taylor, C.

Defendant, the publisher of the Waterville Advance, entered into a contract with the county of Le Sueur to publish in the Advance, at prices specified in the contract, the financial statement and the notices and other matter which the county is required to publish in a newspaper. He made out four bills against the county for the agreed price of certain work performed under this contract, and sold and assigned them to the intervener, the First National Bank of Waterville, on January 26, 1912. The bills with the assignments indorsed thereon were filed with the county auditor by the bank on January 29, 1912, and were audited and allowed by the board of county commissioners on February 14, 1912.

Plaintiff, who had recovered a judgment against defendant for $82.59, in 1905, caused a garnishee summons to be issued thereon and to be served on the county on February 27, 1912. The bank intervened in the garnishment proceedings and the issue as to whether the assignments were valid as against the garnishment was tried before the court without a jury. The court made findings of fact and conclusions of law, sustaining the contention of the bank in all respects. Judgment was entered in accordance with the decision and plaintiff appealed therefrom.

Plaintiff urges that the assignments are invalid because not filed with the clerk of the municipality as required by section 7017, G. S. 1913. As pointed out in Telford v. Henrickson, 120 Minn. 427, 139 N. W. 941, this statute does not render such unfiled assignments absolutely void, but merely casts upon the assignee the burden of proving that they were made in good faith and for a valuable consideration.

Plaintiff also urges that the assignment of the bill for publishing the financial statement is void because the law requires this statement to be published three times, and it had been published only once at the time the assignment was made. The other publications were made after the assignment but before the bill was allowed by the county board. It is well settled that one who has contracted to perform certain specified work may assign his claim for the compensation to be received therefor before the work has been performed.

124 M.—11.

O'Connor v. Meehan, 47 Minn. 247, 49 N. W. 982; Bates v. B. B. Richards Lumber Co. 56 Minn. 14, 57 N. W. 218; Burton v. Gage, 85 Minn. 355, 88 N. W. 997; Quigley v. Welter, 95 Minn. 383, 104 N. W. 236; Dickson v. City of St. Paul, 97 Minn. 258, 106 N. W. 1053; Id. 105 Minn. 165, 117 N. W. 426. Of course the assignee can recover only the amount to which the assignor becomes entitled under his contract.

Ten days after it had taken the assignments, the bank had defendant execute a note for the purpose of avoiding any criticism the bank examiner might make as to the bills, and plaintiff insists that this shows that the bank had not purchased the bills. The court finds as a fact that the bank had made an absolute purchase of the bills on January 26, in good faith and for an adequate consideration, and this finding is supported by ample evidence.

The findings of the trial court dispose of all questions involved in the appeal adversely to plaintiff, and the only question really before this court is whether these findings are supported by the evidence. We have examined the record with care and find that the evidence amply sustains all the findings.

Judgment affirmed.