FIRST STATE BANK OF GAYLORD v. ANTON WOEHLER.
E. P. HOERSCHGEN, INTERVENER.[1]

April 12, 1918.

No. 20,754.

**Assignment of debt — directed verdict not warranted by the evidence.**

1. Plaintiff was not entitled to a directed verdict because the evidence made it a question for the jury whether the assignment, under which plaintiff claims, was executed with intent to hinder, delay, or defraud the creditors of the assignor.

**Same — special verdict not sustained by evidence.**

2. The special verdict that no assignment was in fact executed is contrary to the evidence.

Action in justice court to recover $80 alleged to be due on an assignment of an account. E. P. Hoerschgen intervened and was made a defendant in the action. From a judgment in favor of plaintiff, defendant and intervener appealed to the district court for that county where the appeal was heard before Tifft, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which answered the first question submitted as set forth in the first paragraph

[1]Reported in 167 N. W. 276.

of the opinion. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*George A. & C. H. MacKenzie,* for appellant.

*T. Otto Streissguth* and *W. C. & W. F. Odell,* for respondent.

HOLT, J.

Luther W. Ruth owed plaintiff, the First State Bank of Gaylord, $189.44, and on January 11, 1917, gave to the bank his note for that amount secured by a chattel mortgage. The bank also claims that, at the same time, Ruth verbally assigned to it a debt of $80 then due Ruth from the defendant Anton Woehler. Before noon of January 19, 1917, the bank obtained from Ruth a written assignment of this claim. This instrument recites that it was executed for value received. Thereafter, and on the same day, payment was demanded of Woehler, who refused. This action, in the justice court, was at once started, the summons being served at one o'clock in the afternoon. About an hour before the bank obtained the written assignment the intervener, Hoerschgen, sued Ruth on a claim of about $200, and filed an affidavit of garnishment in the office of the clerk of the district court, wherein Woehler was named as garnishee. The summons and garnishee summons were placed in the hands of the sheriff for service, but the garnishee was not served until 4 o'clock in the afternoon of that day. The plaintiff in the garnishee action, Hoerschgen, intervened in the bank's action in the justice court. From the decision in favor of the bank there was an appeal to the district court, where, by agreement of the parties, the court submitted these questions to the jury: (1) "Was the assignment alleged in the complaint made and executed as therein alleged? (2) If you answer question 1 in the affirmative, was the assignment alleged in the complaint made with the intent to hinder, delay or defraud the creditors of Luther W. Ruth?" The jury answered the first question in the negative, and hence had no occasion to consider the second. There was no general verdict. Plaintiff appeals from the order denying its motion in the alternative for judgment or a new trial.

Plaintiff in the motion for a directed verdict, after the submission of the evidence, virtually conceded that it was not entitled to such a verdict upon the second question which the parties had agreed to submit condi-

140 M.—3.

tionally upon the first being answered in the affirmative. The assignment was not filed, as provided by section 7017, G. S. 1913, and hence was presumptively fraudulent. Leonard v. Farrington, 124 Minn. 160, 144 N. W. 763. Whether plaintiff made it appear that the assignment was made in good faith and for a valuable consideration was we think for the jury. Hence plaintiff was not entitled to a directed general verdict.

The only other assignment of error, viz.: That the court erred in refusing to grant a new trial, is not sufficient to present the question whether the verdict rendered is supported by the evidence. But, since both parties treat that question in the briefs as the real issue in the appeal, we shall dispose of it as if raised by a proper assignment of error. The evidence justifies a finding that the transaction between Ruth and the bank on the eleventh of January was merely a tentative and not a consummated assignment of the debt. However, it is not possible to escape the conclusion that the written instrument signed and delivered by Ruth to the bank on the nineteenth was, as between the parties, a valid, legal assignment then transferring the debt to the bank. It is in proper legal terms; it recites the receipt of a valuable consideration; and the parties testify that when collected it was to apply upon the $189.44 note. It is true, the assignment was alleged in the complaint as of the eleventh, but we think the court correctly held the precise date unimportant when he received the written assignment executed on the nineteenth in evidence. The fact that the garnishee affidavit of intervener was filed an hour before the assignment was delivered can have no bearing on the question. Until the garnishee summons was served on Woehler, Ruth had the undoubted right to transfer the debt, provided it was done in good faith for a valuable consideration. The debt is not impounded until the service of the garnishee summons upon the garnishee. Williams v. Pomeroy, 27 Minn. 85, 6 N. W. 445. In our opinion the special verdict rendered is contrary to the evidence and a new trial should have been granted.

Order reversed.