WILLIAM F. LEWIS and others *vs.* CHARLES S. BUSH, Claimant.

February 23, 1883.

**Conflict of Laws—Assignment of Debt—Subsequent Attachment by Creditor of Assignor before Notice to Debtor.**—A creditor domiciled in Illinois executed, in that state, an assignment, to a resident of Louisiana, of a debt due from a resident of Minnesota, and payable in the latter state. Afterwards, but before the assignee had given notice of such assignment to the debtor, a creditor of the assignor, residing in Canada, attached the debt by service of a garnishee summons upon the debtor in this suit. After the service of such garnishee summons, and at the time of the disclosure of the garnishee, the assignee appeared and gave notice of his claim to the debt, and was made a party to the proceedings. By the law of Minnesota, an assignment of a chose in action is valid and complete without notice to the debtor, and an attachment of the debt by a creditor of the assignor, before notice to the debtor, will not entitle such creditor to a priority of right over the assignee, if the debtor receive notice of assignment *pendente lite,* and in time to avail himself of it in discharge of the suit against him. But in Illinois, a transfer of a chose in action, although valid as between the parties without notice to the debtor, yet is not complete, so as to vest title absolutely in the assignee as against attaching creditors of the assignor, until notice or "intimation" of the assignment is given to the debtor. *Held,* that the respective rights of the assignee and of the attaching creditor are to be determined by the laws of Minnesota, and not by those of Illinois.

Appeal by plaintiffs from an order of the district court for Ramsey county refusing a new trial after a trial by *Brill, J.,* without a jury.

*Harvey Officer* and *Herbert B. Johnson,* for appellants.

*Rogers & Rogers* and *O'Brien & Wilson,* for respondent.

Mitchell, J.* The contest in this case is between the plaintiffs and the claimant as to which of them is entitled to the amount due from the garnishees on account of goods sold and delivered to them by the defendants. The facts are these:

The garnishees were a firm composed of C. A. Broadwater, residing in Montana, and A. H. Wilder, residing in Minnesota. They were engaged in merchandising in Montana, their purchases being made both in Montana and in St. Paul, Minnesota, in which latter place they had an office, where all their bills were paid. On and prior to June 22, 1881, they were indebted to the defendants Lawrence and Martin, (who resided and did business in Chicago, Illinois,) on account, in the sum of $3,432.11, for goods sold, *which was payable in St. Paul.*

On the 22nd of June, 1881, *at Chicago*, the defendants, for a valuable consideration, sold and assigned this claim against Broadwater & Co. to the claimant, Bush, *a resident of Louisiana.* The plaintiffs, a firm residing and doing business in *Canada*, being creditors of defendants, brought this action, and attached the debt by serving a garnishee summons upon Broadwater & Co., *June 29, 1881, after* the assignment by defendants to Bush, but *before* Bush had given any notice of the assignment to Broadwater & Co. After the service of this garnishee summons, and at the time of the disclosure of the garnishees, July 13, 1881, Bush appeared and claimed to be the owner of the debt thus sought to be reached by the garnishee proceedings, and was by direction of the court made a party thereto, pursuant to Gen. St. 1878, *c.* 66, § 174.

The law of this state is that an assignment of a chose in action is valid and complete in itself, upon the mutual assent of the assignor and assignee, without notice to the debtor. That notice is only necessary in order to charge the debtor with the duty of payment to the assignee, and protect the assignee from the danger of loss by reason of the debtor's paying to the assignor without notice of the assignment. But an arrest or attachment of the debt by a creditor of the assignor will not entitle such creditor to a priority of right, though

*Gilfillan, C. J., because of illness, took no part in this case.

no notice of the assignment be given to the debtor prior to the attachment, if the debtor receives such notice *pendente lite,* and in time to avail himself of it in discharge of the suit against him. *Mac-Donald* v. *Kneeland,* 5 Minn. 283, (352;) *Williams* v. *Pomeroy,* 27 Minn. 85. Hence, if the law of Minnesota governs this case, it is clear that the title of the claimant, Bush, has priority and must prevail. But the contention of the appellants is that the laws of Illinois, the domicile of the assignor and the place where the contract of assignment was executed, must control the rights of the parties. By the laws of that state, an assignment of a chose in action, although valid as between the parties without notice to the debtor, is not complete, so as to vest title absolutely in the assignee as against attaching creditors of the assignor, until notice or "intimation" of the assignment is given to the debtor.

It will not be necessary to consider generally the question as to how far the transfer of personal property is governed by the law of the domicile of the owner—a subject upon which the law is in much confusion. There are certain important facts in this case, which, according to well-settled principles of law, are in our opinion decisive in favor of the claim of the assignee, Bush. It will be observed that this is not a question what law must govern as to the validity of the contract as between the parties. The question is entirely outside of that. It is not claimed that this assignment was not executed with all the formalities as to the mode of its execution between the parties required by the laws of Illinois. It is admitted to be valid and operative as a transfer of the debt from the assignor to the assignee, as between themselves. All that is claimed to be lacking is something required to be done by the assignee subsequent to the contract, so as to make his rights complete against third persons not parties to the contract. It will also be observed that the plaintiffs, the attaching creditors, claim no lien upon nor vested right of property in the debt under the laws of Illinois. Whatever claim they have upon it, if any, they have acquired by virtue of their garnishment under the laws of this state. Had this assignment been so defective as to be void as between the parties according to the laws of Illinois, or had the plaintiffs acquired some vested right in this debt under the laws

of that state, an entirely different question would have arisen. But, as the case is before us, it is entirely a question of priority between a creditor attaching under our laws and an assignee claiming under an assignment, properly executed and conceded to be valid between the parties, even by the laws of Illinois. This is a question of remedy rather than of contract, which, we think, must be determined by the law of the *forum.*

We fail to see, on principle, why this question of priority should be controlled by the laws of Illinois rather than those of Minnesota, where the debtor resides and the debt is payable, and under whose laws and in whose courts the attaching creditor has instituted these proceedings. For the purposes of this case, this state must be deemed the *situs* of this debt. The fiction of law that the domicile of the owner draws to it his personal property, wherever situated, must always yield to laws in reference to the attachment of the property of non-resident debtors, because such laws necessarily assume that the property has a *situs* distinct from the owner's domicile. Attachment or garnishee proceedings like the present are really *in rem.* They are instituted upon the theory that the thing sought to be reached is situate within the state. It is this alone that gives the court jurisdiction. And when a party comes into this state and invokes the aid of our garnishee or attachment laws, it is they, and not the laws of some other state, that must determine whether the property which he seeks to reach is liable to his process. In determining a question of priority between him and another claimant, we cannot permit the laws of another state to be imported, and override the settled policy of our own laws. In such a case comity must yield to policy, otherwise we would have no established rule to govern our own courts, or by which our own citizens can regulate their own conduct. If any other doctrine should prevail, a citizen of our own state who had been debtor to a non-resident would never be certain to whom he was liable, for his liability would be as uncertain and variable as might be the domicile of his creditor. This debt was payable in Minnesota, and therefore its laws govern the obligation of the contract. That obligation was to pay the debt to the defendants, or, in case of assignment, to the assignee, provided, in the

latter case, the debtor had notice of the assignment in time to avail himself of it in discharge of any suit against him by an attaching creditor of the assignor. This is the law of this state, and this the law which must govern those who contract with reference to choses in action, payable in this state, against a debtor domiciled here, and those who, like plaintiffs, attempt to reach such choses in action by attachment under our statutes.

We have been referred to no case entirely analogous upon the facts to the case at bar. But it has often been held that where an assignment of a debt is executed in a state where notice to the debtor was not necessary, but where the debtor resided and the debt was payable in another state where such notice was necessary, the laws of the latter state must control the question of priority as between the assignee and an attaching creditor of the assignor. The same rule has been applied in cases of assignments of chattel property, where the transfer of possession was necessary by the laws of the state where the property was at the time actually situated, but not by the laws of the state where the assignor resided and where the assignment was executed. These cases, we think, in principle more than cover the present case. *Emerson* v. *Patridge*, 27 Vt. 8; *Martin* v. *Potter*, 34 Vt. 87; *Worden* v. *Nourse*, 36 Vt. 756; *Le Chevalier* v. *Lynch*, 1 Doug. 170; *Oliver* v. *Townes*, 14 Martin, (La.) 93. See, also, *Green* v. *Van Buskirk*, 5 Wall. 307; S. C. 7 Wall. 139; *Guillander* v. *Howell*, 35 N. Y. 657; *Van Grytten* v. *Digby*, 31 Beav. 561; *Ingraham* v. *Geyer*, 13 Mass. 146.

Order affirmed.