PETER STEINBACH v. JOHN BRANT.

May 8, 1900.

Nos. 11,975—(56).

**Assignment of Future Wages.**

An assignment of wages to ·become due, without limit as to amount or time, and without acceptance by the employer, and without notice to an attaching creditor, is void as to such creditor.

Action before a justice of the peace against John Brant, defendant, and Chicago, St. Paul, Minneapolis & Omaha Railway Company, garnishee. The garnishee disclosed that it was indebted to defendant in the sum of $91.41, and the Sioux Trust Company intervened-as claimant of the·fund. From a judgment in favor of the claimant and against the garnishee for $91.41 and against plaintiff for costs of the action, plaintiff appealed on questions of law alone to the district court for Watonwan county. In the district court the appeal was heard before Severance, J., who made an order reversing the judgment, and for judgment in favor of plaintiff and against the garnishee for $91.41. From an order denying a motion for a new trial, the claimant appealed. Affirmed.

*F. B. Robinson* and *W. S. Hammond*, for appellant.

*Ashley Coffman*, for respondent.

LEWIS, J.

In proceedings in garnishment instituted by plaintiff in justice court, the garnishee was served with the summons on January 6, 1899, and appeared on the return day, January 14, 1899, and disclosed that it was indebted to defendant, Brant, in the sum of $91.41, and stated that the Sioux Trust Company claimed the money under a written assignment, and demanded that the claimant be made a party. This was done, and claimant appeared, and answered that it was the owner of the money, under a written assignment. A hearing was had upon the pleadings, and judgment was rendered for the claimant for the sum of $91.41 damages, and against the plaintiff for costs. Plaintiff appealed to the district court upon questions of law alone. In the district court the judg-

ment was reversed, and judgment was ordered for the plaintiff and against the garnishee for the sum of $91.41. From an order denying its motion for a new trial, claimant appeals.

The return from the justice court shows that defendant, Brant, was in the employ of the garnishee from October 6, 1898, continuously up to the time of the service of the garnishee summons, January 6, 1899; that on the day of such service the garnishee was indebted to defendant in the sum of $82.77, which he had earned as wages in December, 1898, and $8.64 which he had earned in January, 1899. It also appeared that Brant had drawn his pay direct from the company every month from the date of the assignment. The return shows that claimant proved Brant's signature to the assignment, but no evidence was offered either as to the consideration of the assignment, or as to the nature of the contract of employment of defendant by the garnishee, or as to whether anything was actually due claimant at the time of the service of the garnishment. The claimant bases its claim to the money wholly upon the written assignment, which is as follows (Exhibit A):

"State of Iowa,⎱ ss.
Woodbury County.⎰

"For value received, I hereby sell, assign, and transfer to the Sioux Trust Company my claim against the C., St. P., M. & O. Railway Company for wages now earned and to be earned, due and to become due. And I do hereby represent, guaranty, and do solemnly swear that I am now employed by the said railroad company as conductor, and that there are no other assignments, liens, or garnishments against me or my wages, and that there is now due me from said railway company the sum of $120.00; and I fully understand that I am making this affidavit for the purpose of effecting the above sale of my claim against said railway company.

"Residence, St. James, Minn.                    J. W. Brant.

"Subscribed and sworn to before me this 6th day of October, 1898.                    ——————, Notary Public.

"Filed Feb. 23, '99.

W. E. Allen, Justice of the Peace."

This instrument contains the words "for value received," and those words import a consideration, and it was not necessary to prove it. Frank v. Irgens, 27 Minn. 43, 6 N. W. 380; Elmquist v.

Markoe, 39 Minn. 494, 40 N. W. 825. As to the amount of the claim then earned, this instrument operated as an assignment, and as to the wages "to be earned" and "to become due," conceding that it operated as an equitable assignment of the future earnings so far as the parties to the instrument were concerned, still, as to creditors of the assignor, there is some uncertainty, under the authorities. It is a general rule that, if the wages assigned are definitely defined and certain as to time, character, and amount, they may be assigned, when predicated upon a present contract for continuous employment. And, if the assignment is merely in the form of an order upon the employer, it must be accepted by the employer before it becomes binding upon either creditors or employers. It has also been held that, where the wages to be earned are definite and certain, they may be assigned, although not predicated upon a contract for continuous employment, but are wages earned in an existing employment, in its nature continuous. Metcalf v. Kincaid, 87 Iowa, 443, 54 N. W. 867; Hartley v. Tapley, 2 Gray, 565; Emery v. Lawrence, 8 Cush. 151. That phase of the question now under consideration has never been before this court. In O'Connor v. Meehan, 47 Minn. 247, 49 N. W. 982, the assignment was under seal, for value received, duly acknowledged by the assignor, and definitely referred to the wages to be earned for a certain month. In that case, however, the assignment was held to be invalid as to creditors, upon the ground of fraud.

Our attention has not been called to any case holding that, when the wages to be earned are uncertain, they may be assigned. But the case of Boylen v. Leonard, 2 Allen, 407, is similar to the one before us. In that case the assignment was absolute in form, for a consideration, and assigned all wages due and to become due from the employer. It was contended in that case that, the wages being indefinite and not limited as to time, the assignment was void for uncertainty as to creditors attaching wages earned nine months after the date of the assignment. The court held the assignment good, but based its decision upon the fact that not only was the employment continuous in its character, but it was based upon an original contract to labor for an indefinite period of time, and that

the employer had so understood the assignment and recognized it, by making various payments to the assignees before the service of the process.

In the record before us, we find no evidence of a contract for continuous employment. The wages to be, earned are not stated or limited to any time, but are indefinite and uncertain, and there is no evidence that there was anything actually due the assignee at the time of service of the garnishment summons. On the contrary, the assignor had collected the wages every month himself. Such an assignment might pass to the assignee the contingent possible interest of the assignor in the future wages, and, if the labor was afterwards performed and the wages earned, the assignee could enforce his equitable interest against the assignor; but such a doctrine is too indefinite and uncertain in its application, and subject to too many possibilities, to apply to creditors and employers without notice. We hold, under the facts in this case, that the assignment was void as to the plaintiff.

Order affirmed.