JOSEPH BAYLOR v. FRED BUTTERFASS.[1]

December 17, 1900.

Nos. 12,294—(156).

**Acceptance of Order by Debtor.**
An order on a debtor by his creditor directing him to pay his indebtedness to the person named therein, and an acceptance thereof by the debtor, operate as an equitable assignment of the debt.

**Filing Assignment—Laws 1899, c. 268.**
Such an assignment is void, under Laws 1899, c. 268, as to the creditors

[1] Reported in 84 N. W. 640.

of the person making it, when not filed as therein provided, unless the good faith of the transaction be affirmatively shown. It is *held* in this case that such good faith is sufficiently shown by the evidence.

### Parol Evidence Inadmissible.

Such an order, and the acceptance thereof, being in writing, are not open to contradiction or explanation by evidence of a parol contemporaneous agreement.

### Future Earnings of Mortgaged Machine.

Whether future earnings of a threshing-machine outfit, there being no existing contract under which they are to accrue, may be the subject of assignment or mortgage by the owner of the machine, *quære?*

Action in the district court for Carver county against Fred Butterfass, defendant, and Julius Pieper, garnishee. Minneapolis Threshing Machine Company intervened as claimant of the garnished fund. The issues between plaintiff and claimant were tried before Cadwell, J., who found in favor of claimant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*P. W. Morrison,* for appellant.

*Brown, Reed, Merrill & Buffington* and *F. R. Allen,* for respondent.

BROWN, J.

After the commencement of this action and the service of the garnishee summons, claimant, Minneapolis Threshing Machine Company, appeared and made claim to the indebtedness due from the garnishee to defendant, and served and filed a complaint setting forth the grounds of its claim. Issue was joined between plaintiff and claimant, the cause was tried, and resulted in judgment for claimant, and plaintiff appeals from an order denying a new trial.

The cause was tried before the court without a jury. The findings of the trial court are not found in the record, but, as the correctness of such findings is not challenged in any respect by appellant, their absence is not important. The decision having been in favor of claimant, we take it that the allegations of its complaint are found to be true. At any rate, there seems to be no question or controversy as to the facts. All the assignments of error are directed to rulings made on the trial, and present questions relative to the legal rights of the parties only.

The facts are as follows: In 1898 claimant sold and delivered to defendant a threshing-machine separator for the agreed price of $800, which defendant paid by his promissory notes. To secure the payment of such notes, he executed and delivered to claimant a chattel mortgage upon and covering one-half of all earnings of the machine during the years 1897, 1898, 1899. The indebtedness due and owing from garnishee to defendant, the subject-matter of the controversy between the parties, represents earnings of the threshing machine for threshing his grain in the year 1899; and claimant's right thereto is based in part upon this mortgage. On September 21, 1899, defendant made and delivered to claimant an order on the debtor (garnishee) directing him to pay such indebtedness to claimant. Such order was presented to the debtor before the commencement of this action, and was duly accepted by him in writing. Claimant also bases its right to the indebtedness upon this order. The order was given to claimant to be applied in part payment of the mortgage debt. Plaintiff contends that the mortgage and order are both void,—the former because the future earnings of the machine, there being no evidence of an existing contract under which they were to accrue, could not be mortgaged; and the latter because founded upon the void mortgage, and given in compliance therewith. Plaintiff also complains of certain rulings made on the trial of the cause, which he urges are reversible error.

The question as to the validity or invalidity of the mortgage need not be considered or determined. The judgment appealed from must be affirmed on grounds with respect to which the mortgage is not a controlling factor, and its validity or invalidity will not affect that result. The question is an important one, surrounded with serious doubts, and, as it is not necessary to determine it, we prefer to pass it for future consideration. Aside from the question as to the sufficiency of the description of the property mortgaged,—future earnings from persons not named nor in any way designated or described,—the case of Hogan v. Atlantic Ele. Co., 66 Minn. 344, 69 N. W. 1, and similar cases in the earlier reports, on principle, would seem to sustain the mortgage; while the case of Steinbach v. Brant, 79 Minn. 383, 82 N. W. 651, points in the other direction.

But, aside from this question, it is clear that claimant is entitled

to the indebtedness by virtue of the order before referred to and its acceptance by the garnishee. Such order and acceptance operated as an equitable assignment of the debt. Williams v. Pomeroy, 27 Minn. 85, 6 N. W. 445; Lewis v. Bush, 30 Minn. 244, 15 N. W. 113; Conroy v. Ferree, 68 Minn. 325, 71 N. W. 383. It is true that there is no evidence that the order was filed with the proper town clerk, as it might have been under Laws 1899, c. 268, but the good faith of the transaction was abundantly shown. The statute referred to provides that an order for the payment of money of the nature of that here under consideration shall be deemed void as to creditors unless filed as therein provided, unless the holder thereof establishes the fact that it was given for a valuable consideration, and in good faith. That the defendant was indebted to claimant there is no question; nor is it disputed but that such indebtedness was then in part due and unpaid. The order was given to be applied upon such indebtedness, and we find no evidence tending to show that either party had any intention of hindering, delaying, or defrauding the creditors of defendant. It was a business transaction of everyday occurrence bearing no earmarks of fraud. It follows that, as claimant was the owner of the debt in question, plaintiff acquired no rights thereto by the garnishment proceedings, and judgment was properly ordered accordingly.

The evidence offered by plaintiff tending to show a conditional acceptance of the order by the debtor was properly excluded. Such acceptance was not essential to a transfer of the debt to claimant, and, even if essential, it was in writing, and not subject to contradiction by parol contemporaneous agreements or conditions. Youngberg v. Nelson, 51 Minn. 172, 53 N. W. 629. For the same reason the evidence offered to show the conditions on which the order was given by defendant was also properly excluded. No fraud sufficient to invalidate the order was pleaded, nor did the proffered evidence show such fraud. If his contention with respect to the agreement under which the order was given be true, plaintiff has a cause of action against the company; at least the evidence offered tends in the direction of showing that, in part consideration of the order, the agent of claimant who procured it agreed to pay certain laborers to whom defendant was indebted, plaintiff being

one of them. Such evidence shows a consideration for the order, rather than its fraudulent procurement.

The suggestion that the order is invalid because of the invalidity of the chattel mortgage in performance of the terms of which it was given is not sound. Even if the mortgage was invalid and unenforceable, we know of no rule of law that would render null and void a voluntary performance thereof.

Order affirmed.