MARGARET QUIGLEY v. LESLIE WELTER.[1]

July 7, 1905.

Nos. 14,375—(136).

**Assignment.**

An assignment of a chose in action becomes effective, as between the parties, at the time it is made, and operates to transfer the title to the thing assigned, without notice to or acceptance by the debtor.

**Same—Future Wages.**

An assignment of wages to be earned under an existing contract of employment for the definite period of six months, founded upon a valuable consideration, and not made for the purpose of hindering and defrauding creditors, *held* valid.

**Statute Construed.**

G. S. 1894, § 5157, to the effect that an assignment of a thing in action is without prejudice to any set-off or other defense existing at the time of the assignment, construed, and *held* to have been intended solely for the benefit of the debtor, and to have no application to the facts of this case.

Action in the district court for Clay county to recover $83.43 for money had and received to the use of plaintiff.  The case was tried before Baxter, J., who found in favor of plaintiff for the sum de-

1 Reported in 104 N. W. 236.

manded. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Wm. R. Tillotson* and *F. H. Peterson*, for appellant.

*C. A. Nye,* for respondent.

BROWN, J.

The facts in this case are as follows: On July 12, 1902, P. I. Quigley, a section foreman in the employ of the Northern Pacific Railway Company, made an assignment to plaintiff of the wages thereafter to be earned by him under that employment for the definite period of six months from that date. Plaintiff was Quigley's daughter, and the consideration of the assignment was her services in caring for his other children, he being a widower. There is no claim that the assignment was made for the purpose of hindering, delaying, or defrauding creditors. At the time the assignment was made, Quigley was indebted to defendant in the sum of $123, and, on September 8, following, action was brought against Quigley to recover the same, and the money then due him from the railway company garnished. The garnishment summons was properly served upon the company, but no notice of the action was given to Quigley. Nevertheless, the court before which the action was brought rendered judgment against the company for the amount of wages due Quigley at that time, viz., $83.43, and the company subsequently, under the mistaken impression that the judgment rendered against it was valid, paid the money to defendant, and he still retains the same. Plaintiff thereafter brought this action against defendant to recover the amount received by him, basing her action upon the assignment and the invalidity of the garnishee judgment, and as for money had and received. The trial court made findings substantially as above stated, ordered judgment for defendant, and plaintiff appealed from an order denying a new trial.

1. It is first contended by defendant that the instrument relied upon by plaintiff does not constitute an assignment, is insufficient as a transfer of the money to plaintiff, and, at most, is a mere power of attorney authorizing her to collect and receive the wages of Quigley as earned. We do not concur in this view. Fairly construed, the instrument assigned the wages to be earned by Quigley during the period therein stated, and amounted in law to a transfer thereof to her as they accrued.

It was valid as such, for it appears to have been founded upon a valuable consideration, was made in good faith and without any purpose to defraud creditors, and covered the wages to be earned for a definite period under an existing contract of employment. Steinbach v. Brant, 79 Minn. 383, 82 N. W. 651; O'Connor v. Meehan, 47 Minn. 247, 49 N. W. 982.

It is immaterial that notice was not given the railway company, or that the company did not accept the assignment. An assignment of a chose in action becomes effective, as between the parties, at the time it is made, and operates to transfer the thing assigned, without notice to or acceptance by the debtor. Lewis v. Bush, 30 Minn. 244, 15 N. W. 113. It follows that title to the money in question was in plaintiff, and defendant, having received the same without authority or right, is liable to her in an action for money had and received.

2. But it is further contended that plaintiff's right of action is subject to any defense or set-off existing against Quigley at the time of the assignment. In this view of the law, defendant pleaded in defense, and as a set-off, the indebtedness due him from Quigley at the time the assignment was made, relying upon section 5157, G. S. 1894. Defendant's contention is without merit. The statute referred to provides as follows:

> In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any set-off or other defense existing at the time of, or before notice of the assignment.

This provision of the statute was intended solely for the benefit of the debtor, and can have no application to a case like that at bar. It applies, so far as this case is concerned, to the rights of the railway company exclusively. If the company had a defense or set-off which it might interpose in an action against it for the recovery of the money in question, defendant, having been substituted to its position, could successfully interpose it. But under no proper construction of the statute will it authorize him to interpose in defense a claim of his own. He is in no better position than the company would have been had the action been brought against it, and can interpose no defense or set-off the company could not have been heard to insist upon. He

95 M.—25

could acquire a valid claim to the money only by way of attachment or garnishment, and, as his garnishment proceedings were abortive, his alleged set-off is unavailable.

Order reversed and new trial granted.

On July 13, 1905, the following opinion was filed:

PER CURIAM.

Counsel insists, on an application for a rehearing, that we overlooked the case of Way v. Colyer, 54 Minn. 14, 55 N. W. 744, which, it is urged, is right contrary to our decision in this case. In this counsel is mistaken. We did not refer to the Way case, for the reason that it is not in point. In that case the controversy was between the debtor and creditor. Thing had a judgment against Colyer, and Colyer held Thing's promissory notes at the time of the assignment of the judgment to plaintiff in that action; and it was held that the assignment was subject to the right of Colyer, the debtor, to set off the amount due from Thing on the promissory notes in an action by the assignee on the judgment. In the case at bar there was no controversy between the debtor and the creditor, Quigley and the railway company, and at the time of the assignment to plaintiff the company had no claim against Quigley which it could interpose as a set-off. Defendant is in no better position.

Application for rehearing denied.