HECTOR McCALLUM *vs.* SIMPLEX ELECTRICAL COMPANY.

Middlesex. November 20, 1907. — February 27, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Assignment*, Of wages. *Statute. Constitutional Law.*

Under St. 1905, c. 308, which provided that " no assignment of future earnings, whether made by the assignor in person or by his attorney, shall be valid unless executed in writing, for a period not exceeding two years from the date of said assignment or of any power of attorney under which said assignment is made," an assignment made February 23, 1906, of wages to be earned by a wage earner up to April 20, 1907, purporting to be executed in behalf of the wage earner by one acting pursuant to authority assumed to have been conferred by a power of attorney to do so which was executed by the wage earner on December 5, 1904, was invalid because it purported to assign earnings for a period exceeding two years from the date of the power of attorney.

There is no doubt as to the constitutionality of St. 1905, c. 308, with regard to the invalidity of certain assignments of future earnings.

CONTRACT.    Writ in the Third District Court of Eastern Middlesex dated March 29, 1906.

In the writ as amended the plaintiff was described as " Hector McCallum . . . who brings this suit for the use and benefit of Thomas F. Boyle and Edward J. Boyle, copartners doing business under the name and style of Boyle Brothers . . ."

The substituted declaration was on an account annexed for wages due to the plaintiff from the defendant for the two weeks from February 23 to March 9, 1906, at $15 per week.

On appeal to the Superior Court, the case was tried before *Lawton*, J., without a jury.  There was evidence tending to show that the plaintiff owed Boyle Brothers $27.50.  It was admitted and agreed that at some time previous to the bringing of this action the plaintiff had been paid in full for all services, if any, rendered to the defendant.  Other facts are stated in the opinion.

The presiding judge found for the plaintiff in the sum of $28.90 ; and the defendant alleged exceptions.

*P. M. White*, for the defendant.

*G. T. Perry*, for the plaintiff, submitted his case without argument or brief.

RUGG, J.    This is an action of contract to recover wages alleged to be owing to the plaintiff for labor performed for the defendant for two weeks from February 23, 1906.  The plaintiff began his employment with the defendant on February 16, 1906. On December 5, 1904, he executed and delivered to Boyle Brothers (for whose benefit this action is brought) an instrument, which purported to be a power of attorney, authorizing them or any person they might substitute to execute and deliver an assignment of his wages.  By instruments dated on June 13, 1904, and on December 1, 1904, Boyle Brothers undertook to appoint one Plunkett their attorney to execute assignments. Apparently acting pursuant to the authority assumed to be conferred by one or the other of these instruments, Plunkett by a writing dated on February 23, 1906, executed a form of assignment of the wages of the plaintiff while in the employ of the defendant to Boyle Brothers, covering the period in question. These instruments were seasonably recorded, and notice of the attempted assignment of the plaintiff's wages was given to the defendant on the day of its date.

Interesting questions are presented as to the construction and effect of the original power of attorney executed by the plaintiff and the prior instruments signed by Boyle Brothers and the assignment in the name of the plaintiff but executed by Plunkett as his attorney. Without passing upon these, we rest the decision upon St. 1905, c. 308. This act provides : "No assignment of future earnings, whether made by the assignor in person or by attorney, shall be valid unless executed in writing, for a period not exceeding two years from the date . . . of any power of attorney under which said assignment is made." Whatever validity there may be in the assignment, executed in the name of the plaintiff by Plunkett as the attorney for the plaintiff, under date of February 23, 1906, depends wholly upon the power of attorney given by the plaintiff to Boyle Brothers under date of December 5, 1904. This assignment covered an entire and unbroken period from its date to April 20, 1907, and was thus for a period considerably in excess of two years from the date of the power of attorney, upon the strength of which it was made. But by the express terms of the statute no such assignment for a period exceeding two years from the date of the power of attorney can be valid. It follows that the assignment of February 23, 1906, was a nullity, being in contravention of the statute. The statute went into effect before the date of the assignment, and therefore governs it.

There is no doubt as to the constitutionality of the statute. *Knoxville Iron Co.* v. *Harbison,* 183 U. S. 13. *Opinion of the Justices,* 163 Mass. 589. *Commonwealth* v. *Danziger,* 176 Mass. 290. *Squire* v. *Tellier,* 185 Mass. 18. *Commonwealth* v. *Strauss,* 191 Mass. 545. *International Text Book Co.* v. *Weissinger,* 160 Ind. 349.

The St. 1906, c. 390, did not go into effect until after the occurrence of the events here in issue.

As this action depends upon the assignment executed by Plunkett, it cannot be maintained.

*Exceptions sustained.*