HARRY DYER and Another v. PETER SCHNEIDER.[1]

December 24, 1908.

Nos. 15,864—(164).

**Chattel Mortgage—Future Earnings of Machine.**

    A chattel mortgage is void, at least against creditors without actual notice, which purports to assign, to secure a specified debt, all the future earnings of a threshing machine, therein described, also of any other threshing machine operated by the mortgagor, and of the crew, including men and teams, operating them, which may accrue for threshing during the then ensuing two years within three designated townships.

In an action in justice court Peter Scheuer was served with garnishee summons and the garnishee disclosed an indebtedness. At the time of disclosure the Minneapolis Threshing Machine Company, as claimant under a chattel mortgage, was made a party to the proceeding and issue was joined between plaintiffs and claimant. The defendant defaulted and the justice rendered judgment in favor of plaintiffs and against the claimant. From the judgment, claimant appealed on questions of law and fact to the district court for Stearns county, where the appeal was tried on an agreed statement of facts before Taylor, J., who ordered judgment in favor of plaintiffs. From the judgment entered pursuant to this order, claimant appealed. Affirmed.

*J. D. Sullivan,* for appellant.

It is a matter of common knowledge that chattel mortgages on the earnings of a threshing outfit have their inception from a sort of partnership entered into between the machine company and the mortgagor; he is furnished the outfit on the strength of his agreement to devote so much of the earnings thereof and of the crew to be furnished by him as will pay so much of the purchase price thereof as according to the terms of the contract becomes due each year, and the balance goes to him as his profit or to pay his help and expenses. This kind of a contract is not void on the ground of public policy, one of the principal reasons assigned by this court for holding the or-

[1] Reported in 118 N. W. 1011.

dinary wage contract void. Nor is this mortgage in the case at bar open to the criticism of being void for uncertainty. It distinctly specifies the townships upon which it is to operate and within which the mortgagor is to confine his operations. The time also is certain and definite, namely, the years 1907 and 1908. This contract is as certain and definite as it is possible to be made, because in the very nature of things it is impossible for the parties at the time of its making to know just what specific individuals the mortgagor will thresh for in those townships. The objection that it is an attempt to mortgage a mere expectancy is without merit because, taking the contract as a whole, it amounts to an agreement on the part of the mortgagor in consideration of being furnished with the equipment necessary to do this work that he will during the seasons specified in the designated territory solicit and do threshing and apply a portion of the earnings in payment of the outfit.

There is no pretense in this case that this mortgage is a cloak to delay or to defraud creditors, although in very many of the cases where mortgages of wages to be earned in the future have been held void this has been a potent reason for so holding. The cases of Sandwich v. Robinson, 83 Iowa, 567; Sykes v. Hannawalt, 5 N. D. 335; Minneapolis v. Skau, 10 S. D. 636, are easily distinguishable from this case.

This form of contract is beneficial; it enables a man to procure an outfit and start out in a business upon a credit basis; his possession of the outfit misleads nobody, because the record in the town where he operates shows that the earnings are mortgaged; why then as a matter of equity should an outside creditor be permitted to come in and claim earnings which he has done nothing to produce as against the original owner of the instrumentality whose capital has been the primal cause of the earnings coming into existence?

*James E. Jenks,* for respondent.

There are reasons of public policy which differentiate a mortgage on chattels to be acquired and one on wages to be earned. When a necessitous wage earner is compelled to mortgage his future earnings, he mortgages not his chattels, but the means whereby he may live and maintain his family. The state necessarily has an interest in such

contracts, and it is contrary to a wise public policy to give effect to them, except to a limited extent. The claimant has attempted to tie up this defendant so that nobody but it can collect a cent. The mortgage includes all the "earnings and proceeds" of the threshing rig, and all men and teams used to run it. Not only that, but it includes all the "earnings and proceeds" of every other rig and crew which Schneider may "own or operate." If this mortgage is good against these plaintiffs on their claim for repairs to keep this rig in running order, it is good against every man who worked as a laborer on the machine and as well the owners of the teams used in operating it. Can claimant say these persons have done nothing to produce the so-called earnings? Yet it claims the absolute right under this mortgage to come in ahead of every one of them. Cutting out as it attempts to do all claims of crew, men furnishing teams, and parties furnishing extras and repairs, the mortgage is certainly inequitable and unconscionable and against public policy.

START, C. J.

Appeal by claimant from a judgment of the district court of the county of Stearns in favor of the plaintiffs, and against the garnishee, for the amount of their claim against the defendant, with costs and disbursements against the claimant.

The admitted facts upon which the judgment is based are to the effect following: The plaintiffs duly recovered judgment against the defendant and duly instituted garnishee proceedings, and at the time of the service of the garnishee summons there were funds in the hands of the garnishee, amounting to $95, which represented moneys earned by the defendant with the threshing outfit described in the chattel mortgage hereinafter referred to, upon which there was then due and unpaid more than $95. The plaintiffs' demand against the defendant was for extras furnished and labor performed by them in repairing his threshing outfit at his request. The claim of the claimant to the money in controversy was based upon an alleged chattel mortgage, executed by the defendant to it, to secure a specified debt, of all the earnings of the outfit and of the men and teams connected therewith. The mortgage purported to mortgage all the earnings of a threshing outfit, therein described, and of any other threshing out-

fit owned or operated by the mortgagor, and of the crew, including men and teams, used with such outfits, which might accrue for threshing during the then ensuing two years within three designated townships. When the mortgage was executed there were no existing contracts under which threshing was. to be done, nor were there any parties named for whom it was to be done. The mortgage purported to cover, not only the earnings of any and all threshing machines the defendant might thereafter operate for two years, but also the earnings of all the men and teams operating the same. The mortgage was duly filed, but the plaintiff had no actual notice of the claim of the claimant. Upon these facts, the trial court held the mortgage invalid as against the creditors of the mortgagor without actual notice. The correctness of this conclusion is the only question for our decision.

This precise question has never been directly decided by this court. See Baylor v. Butterfass, 82 Minn. 21, 84 N. W. 640. But the reasoning of our prior decisions sustains the conclusion of the trial court. In Steinbach v. Brant, 79 Minn. 383, 82 N. W. 651, 79 Am. St. 494, we held that an assignment of wages to become due, without limit as to amount or time, and without acceptance by the employer, was void as to an attaching creditor without notice. In Leitch v. Northern Pac. Ry. Co., 95 Minn. 35, 103 N. W. 704, we held, distinguishing the cases holding valid a mortgage on crops to be thereafter raised upon specified land, that an assignment of wages to be earned in the future under an existing contract of employment, to secure a present debt or future advances, was a valid agreement, which would take effect as the wages were earned, but that an assignment of wages to be earned under an existing contract, without limit as to amount or time, was void. In each of these cases there was an existing contract for the employment of the assignor. In the case at bar there were no existing contracts for employment, nor were any persons named or in any manner designated in the mortgage from whom future earnings were to accrue.

There can be no difference in principle between an absolute assignment of future earnings to secure a debt and a chattel mortgage of such earnings; that is, a conditional assignment. There can be no earnings of a threshing outfit, except in connection with the earnings of the men, including the mortgagor, and teams operating it; hence the

mortgage is, in effect, a mortgage of the future earnings of the mortgagor and his employees in operating a threshing machine, if, perchance, they should ever do so. The description of the supposed personal property attempted to be assigned by this mortgage is so vague and uncertain as to afford no protection to third parties working for or extending credit to the mortgagor on the strength of his earnings in operating the machine, having no actual knowledge of the claim of the mortgagee. Again, the supposed property attempted to be mortgaged in this case had then no existence, substantial or incipient. It was, at most, a mere expectancy depending on contingencies, or, as said in Lehigh v. Woodring, 116 Pa. St. 513, 522, 9 Atl. 58, "the mere possibility of a subsequent acquisition of property." See also Sandwich v. Robinson, 83 Iowa, 567, 49 N. W. 1031, 14 L. R. A. 126, and Sykes v. Hannawalt, 5 N. D. 335, 65 N. W. 682.

We therefore hold that the mortgage in question, so far as it attempted to assign the future earnings of the threshing outfit and the men and teams who might operate it, was void, at least as to creditors without actual notice.

Judgment affirmed.