FIRST NATIONAL BANK OF CULBERTSON and Another v. STATE BANK OF CLIMAX.[1]

April 24, 1914.

Nos. 18,443—(31).

**Judgment — undetermined garnishment.**

In an action to recover money the plaintiff is not entitled to judgment, where the money sought to be recovered is subject to an undetermined garnishment, though as between the plaintiff and the defendant the right to recover is complete.

Action in the district court for Clay county to recover $600, the amount of dividends due to defendant upon certain shares of stock deposited by him with plaintiff bank. The case was tried before Taylor, J., who made findings and ordered that the action be dismissed. Plaintiffs' motion for amended findings and conclusion of law was denied. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

[1] Reported in 146 N. W. 1093.

*Nye & Dosland,* for appellants.

*F. H. Peterson, A. O. Ueland,* and *Hurd & Lewis,* for respondent.

DIBELL, C.

In January, 1908, K. O. Slette, one of the plaintiffs, was the owner of 15 shares of the par value of $100 each of the capital stock of the defendant State Bank of Climax. In that month a dividend of 40 per cent. was declared, making a total of $600. Prior to this time Slette had deposited these 15 shares with the plaintiff First National Bank of Culbertson, Montana, as security for a loan. This action was brought to recover the dividends. There were findings for the defendant, and the plaintiffs appeal from the order denying their motion for a new trial.

Prior to the beginning of the action one B. B. Larson commenced an action against Slette and others and garnished the defendant bank. The action in which the garnishment was issued was pending at the time of the trial of this action in the court below, and it is one of the actions decided herewith. So long as the action was pending the plaintiff was not entitled to judgment. Except for the garnishment the plaintiff had a right of recovery and the court so found. It had, also, a perfect remedy whereby it could protect itself in the event of the failure of the action in which the garnishment was brought. Whether it now has any remedy in this action is not of present concern.

Order affirmed.