# W. C. CURTIS v. J. T. HUTCHINSON.[1]

July 3, 1914.

Nos. 18,665—(204).

**Garnishment — compensation of attorney.**

1. Compensation ordered, under G. S. 1913, § 8513, in favor of an attorney at law for defending an indigent accused of crime, is not exempt from garnishment as being fees of a state or public officer.

**Debt of county garnishable.**

2. Such an order is neither a judgment nor the amount thereof in custodia legis, but merely creates a county debt which is garnishable as such.

[1] Reported in 148 N. W. 66.

**Jurisdiction of court — subsequent writ of mandamus.**

3. Where prior to the institution of mandamus proceedings in the district court to compel the county auditor to issue his warrant upon an order for compensation under G. S. 1913, § 8513, the municipal court had acquired jurisdiction of an action against the beneficiary of the order and garnishee summons had been served on the county auditor and treasurer before presentation of the order to them, it had the right to proceed to final determination of the rights of the parties, notwithstanding and without regard to a writ of mandamus subsequently issued against the auditor out of the district court.

**Party not bound by judgment.**

4. Plaintiff in the action in the municipal court not being party or privy to the judgment in the mandamus proceedings, was not bound thereby.

A. L. P. Erickson, as county auditor of the county of Hennepin, and Henry C. Hanke, as county treasurer of that county, were garnisheed in the principal action then pending in the municipal court of Minneapolis and disclosure of the garnishees taken before a referee. Thereafter upon the relation of defendant Hutchinson the district court for Hennepin county issued its writ of mandamus directed to the county auditor requiring him to issue his warrant upon the treasurer of the county for $110 in favor of relator, or show cause why he had not done so. The county auditor made return setting up the fact of the garnishment. The matter of the writ was heard before Dickinson, J., who made findings and directed a peremptory writ of mandamus to issue. Thereafter plaintiff moved for judgment against the garnishees and the motion was granted, Bardwell and C. L. Smith, JJ. From the judgment entered against the garnishees pursuant to the amended order for judgment, the garnishees appealed. Affirmed.

*James Robertson,* County Attorney, and *R. S. Wiggin,* Assistant County Attorney, for appellant.

*Nye & Newton* and *B. H. Bowler,* for respondent.

PHILIP E. BROWN, J.

Appeal by the garnishees from a judgment rendered against them in favor of plaintiff.

The questions raised concern law only, the undisputed facts being

as follows:    On March 28, 1913, the district court of Hennepin
county duly made an order allowing defendant Hutchinson, an at-
torney at law, a specified sum, pursuant to G. S. 1913, § 8513,
for defending an indigent defendant charged with felony.    On 'the
same day plaintiff, who had theretofore commenced an action against
defendant in the municipal court of Minneapolis, caused a garnishee
summons to be duly served on the county auditor and treasurer, and
when, later in the day, the order was presented to them they refused
to issue a warrant or pay.    On April 2, following, an alternative
writ of mandamus issued, on defendant's relation, out of the same
district court, to the county auditor, directing issuance of a warrant
for the amount of the order, or cause shown to the contrary.    The
auditor answered, admitting his refusal to issue a warrant and set-
ting up the garnishment proceedings in justification thereof, and on
the next day, after hearing duly had, issuance of a peremptory writ
as prayed was adjudged and judgment entered therefor; whereupon,
on the same day, the auditor complied therewith by issuing his
warrant to defendant for the amount of the order and making due
return.    Thereafter the garnishees disclosed the facts stated, and
the municipal court, after denying their motion to dismiss, ordered
judgment against them in plaintiff's favor.    Plaintiff was not made
a party to the mandamus proceedings and did not appear therein.

1. The garnishees' contention that defendant Hutchinson, because
of his appointment to defend one accused of crime, was a state and
public officer, whose fees for the services mentioned were, there-
fore, exempt from garnishment, is overruled.    As an attorney he
was merely an officer of the court, and the appointment in question
in no wise enlarged this status.

2. The garnishees maintain that the order for compensation was,
in effect, a judgment, and also that it appears from the disclosure
that the money involved was *in custodia legis* and hence not garnish-
able.    We hold, however, that the order merely created a chose in
action; upon which defendant, his assigns, or representatives, became
entitled, if no preventing circumstances intervened, to receive its
proceeds from the county, and that the latter were not *in custodia
legis*.    The amount of the order was a mere county debt and as such

subject to garnishment, the old rule exempting such obligations from garnishee process because of inconvenience of compelling public officers to answer thereto having been discarded by the decision in Mitchell v. Miller, 95 Minn. 62, 103 N. W. 716.

3. Nor can we sustain the point that the municipal court could not override the judgment in the mandamus proceedings in the district court. The former obtained jurisdiction before the latter and, under a familiar principle, retained it, with the right to proceed to final determination without interference by the latter. Jacobs v. Fouse, 23 Minn. 51. Furthermore, mandamus, under our procedure, is in all respects assimilated to an ordinary civil action, including the right to bring in additional parties. State v. County of Chisago, 115 Minn. 6, 131 N. W. 792, Ann. Cas. 1912D, 669; State v. Minneapolis & St. Louis Ry. Co. 39 Minn. 219, 39 N. W. 153. And no attempt having been made to make plaintiff a party to the mandamus proceedings here involved, no greater effect can be accorded the determination therein, so far as he is concerned, than any other judgment as against one neither party nor privy. Plaintiff was not bound thereby, and the municipal court was right in ignoring it and ordering judgment for him. The mandamus must be regarded as within the rule of First National Bank of Culbertson v. State Bank of Climax, 125 Minn. 262, 146 N. W. 1093, where, because of an undetermined garnishment, plaintiff therein was denied a money recovery to which he was otherwise entitled.

Judgment affirmed.