# J. C. MURPHY v. COUNTY OF ST. LOUIS AND ANOTHER.[1]

September 16, 1932.

No. 28,905.

*Charles E. Adams,* for appellant county of St. Louis.

*Fryberger, Fulton & Boyle,* for appellant Peoples State Bank of Eveleth.

*Baldwin, Baldwin, Holmes & Mayall,* for respondent.

DIBELL, J.

Action to recover of the county of St. Louis and the Peoples State Bank of Eveleth money owed by the county to Stuart Murray,

[1]Reported in 244 N. W. 335.

for his salary as commissioner of the county, assigned by him to the bank. No objection was made to the form of the action, and it proceeded as an equitable one to reach and apply on an execution money owing Murray. There were findings for the plaintiff, and the defendants appeal from the order denying their separate motions for a new trial.

On July 26, 1930, judgment was entered in the district court of St. Louis county for $2,408.10 in favor of the plaintiff in this action and against Stuart Murray, who was defendant in that. At that time, and since, Murray was county commissioner of St. Louis county on a salary of $4,000 per annum fixed by statute.

The sheriff by virtue of the judgment made two levies upon moneys owing by the county to Murray for his salary. The first was made on July 29, 1930. The auditor made return that $311.11 was owing as salary but that it had been assigned to the Peoples State Bank of Eveleth by assignment dated May 31, 1930. This assignment was for salary as county commissioner from June 1, 1930, to July 31, 1930, both inclusive. This assignment was not consented to by the county board and was for salary to accrue for more than 60 days.

The second levy was made on August 27, 1930. The auditor returned that at that time there was due Murray for salary $684.54, subject to the first assignment and subject to an assignment dated August 9, 1930, whereby Murray assigned to the bank his salary as commissioner from August 1, 1930, to August 31, 1930. This assignment was not consented to in writing. On account of these levies and assignments the county auditor and the bank refused to pay.

In consideration of these assignments we cite G. S. 1923 (1 Mason, 1927) §§ 4135-4137:

"4135. No assignment, sale or transfer, however made or attempted to be made, of any wages or salary, to be earned, shall give any right of action, either at law or in equity, to the assignee or transferee of such wages or salary, nor shall any action lie for the recovery of such wages or salary, or any part thereof, by any

other person than the person to whom such wages or salary are to become due, unless a written-notice, together with a true and complete copy of the instrument assigning or transferring such wages or salary, shall have been given within three days after the making of such instrument to the person, firm or corporation from whom such wages or salary are accruing, or may accrue."

"4136. No assignment, sale or transfer, however made or attempted, of any unearned wages or salary shall be in any manner valid or effectual for the transfer of any salary or wages to be earned or accruing after the making of such assignment, sale or transfer, unless the person, firm or corporation from whom such wages or salary are to accrue shall consent thereto in writing. Any employer or agent of such employer accepting or charging any fee or commission for collecting the amount due on any such assignment, sale or transfer, shall be deemed guilty of a misdemeanor."

"4137. Every assignment, sale or transfer, however made or attempted, of wages or salary to be earned or to become due, in whole or in part, more than sixty (60) days from and after the day of the making of such transfer, sale or assignment, shall be absolutely void."

The first assignment was within § 4136, in that there was no consent thereto, and within § 4137, in that it covered a period of more than 60 days. The second assignment was within § 4136, in that it was not consented to in writing.

Sections 4136 and 4137 have their origin in L. 1905, p. 493, c. 309, entitled: "An act regulating all assignments, sales and transfers of wages or salary." Section 1 referred to "wages or salary, earned or to be earned." It was amended by L. 1917, p. 457, c. 321, § 1, so as to read as it now appears in § 4135.

In Fay v. Bankers Surety Co. 125 Minn. 211, 146 N. W. 359, Ann. Cas. 1915C, 688, the statute which is now § 4135, was held constitutional as against the claim that it was an infringement upon freedom or liberty of contract and on the further claim that it was class legislation. This was a wage case. No question was made because the statute was made to apply in terms to salaries.

An assignment of wages to be earned in the future under an existing contract of employment is good between the parties. O'Connor v. Meehan, 47 Minn. 247, 49 N. W. 982; Steinbach v. Brant, 79 Minn. 383, 82 N. W. 651, 79 A. S. R. 494; Quigley v. Welter, 95 Minn. 383, 104 N. W. 236; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 566. Similar regulations are sustained as a legitimate exercise of the police power. When applied to those usually designated as wage earners they are not questioned. So applied, the defendants here would not question them. Cases to that effect are cited but not discussed. Mutual Loan Co. v. Martell, 222 U. S. 225, 32 S. Ct. 74, 56 L. ed. 175, Ann. Cas. 1913B, 529, affirming 200 Mass. 482, 86 N. E. 916, 43 L.R.A.(N.S.) 746, 128 A. S. R. 446; McCallum v. Simplex Elec. Co. 197 Mass. 388, 83 N. E. 1108; International Text-Book Co. v. Weissinger, 160 Ind. 349, 65 N. E. 521, 65 L. R. A. 599, 98 A. S. R. 334; Thompson v. Erie R. Co. 207 N. Y. 171, 177, 100 N. E. 791; West v. Jefferson Woolen Mills, 147 Tenn. 100, 245 S. W. 542; Sweat v. Commonwealth, 152 Va. 1041, 148 S. E. 774; Dunn v. State, 122 Ohio St. 431, 172 N. E. 148; Heller v. Lutz, 254 Mo. 704, 164 S. W. 123, L. R. A. 1915B, 191; Wight v. B. & O. R. Co. 146 Md. 66, 125 A. 881, 37 A. L. R. 864.

■ The defendants urge that the sections of the statute cited do not apply to salaries as distinguished from wages. In Massie v. Cessna, 239 Ill. 352, 356, 88 N. E. 152, 28 L.R.A.(N.S.) 1108, 130 A. S. R. 234, a statute referring to "the wages or salary of any person," and again to wages to be earned in the future, was held to include salaries within the general scope of that term, and so the statute was held unconstitutional. In Speilberger Bros. v. Brandes, 3 Ala. App. 590, 591, 58 So. 75, 76, a statute relative to the assignment of "salaries or wages to be earned in the future" was sustained by holding that the word "salaries" was used as synonymous with "wages," and so construed the statute was constitutional—a proper regulation of wages under the police power. In West v. Jefferson Woolen Mills, 147 Tenn. 100, 245 S. W. 542, 543, the statute referred to an assignment of "wages or salaries unearned at the time." The assignor was in the service of the de-

fendant at a salary of $200 per month. The statute was held to apply to both wages and salaries and to be constitutional.

It is noted that the statute involved in the Fay case, 125 Minn. 211, 146 N. W. 359, Ann. Cas. 1915C, 688, would have been held in Illinois to apply to salaries and for that reason to be unconstitutional; in Alabama it would have been held not to apply to salaries— that is, that salaries meant ordinary wages and nothing more— and therefore constitutional; and in Tennessee, under a statute applicable to both wages and salaries, a distinction being drawn, it would have been held constitutional.

In considering statutes the validity of which rests upon the exercise of the police power, it is supposed that the legislature made adequate investigation and possessed the information essential to wise legislation. It is not for the courts to question the wisdom of legislation. The statute in plain terms applies to wages and to salaries. The legislature meant to include both. Within the extensive power given to legislate in the exercise of the police power the statute is constitutional.

It was a suggestion in the Fay case, 125 Minn. 211, 146 N. W. 359, Ann. Cas. 1915C, 688, that since a chose in action was not assignable at common law there could not be much objection to a restriction upon the assignment of wages or salary; and in the Mutual Loan Co. case, 222 U. S. 225, 32 S. Ct. 74, 56 L. ed. 175, Ann. Cas. 1913B, 529, the Supreme Court of the United States suggested that the limitation and regulation of the assignment might find a foundation in the power of a state legislature over the devolution and transfer of property. It is not necessary to pursue these suggestions.

■ A further claim of the defendants is that in no event should it be held that the statute applies to an executive and administrative officer like a county commissioner, who is elective in a district of the county.

By L. 1901, p. 101, c. 96, it was provided that the salary or wages of an officer or an employe of a county should be subject to execution the same as the salary or wages of other persons. By L. 1925,

p. 524, c. 387, the 1901 statute was amended by adding a proviso as to the right of assignment. The statute as it now stands is 2 Mason, 1927, § 9364, which, as far as here material, is as follows:

"The salary or wages of any officer of, or person employed by, a county, town, city, village or school district, or by any department thereof, shall be liable to garnishment, attachment and execution, except as exempt by law:

"Provided, however, that any officer of, or person employed by a county, town, city, village or school district, or by any department thereof shall have the same right to sell, assign or transfer his salary or wages as is now possessed by any officer of, or person employed by any corporation, firm or person."

It was an early holding, under the statute authorizing corporations to be proceeded against as garnishees, that counties, which were public corporations, could not be garnisheed. It was thought against public policy to permit counties to be subjected to garnishments, and the word "corporations" as used in the statute was held not to include public corporations such as counties. McDougal v. Bd. of Supervisors, 4 Minn. 130 (184). The necessary effect of L. 1901, p. 101, c. 96, was to render this holding no longer of force. Curtis v. Hutchinson, 126 Minn. 264, 148 N. W. 66; Mitchell v. Miller, 95 Minn. 62, 103 N. W. 716.

With the statutes as they are, §§ 4135-4137 apply to officers of counties the same as to officers or wage earners of private corporations or of individuals. The statute may or may not be wise, but the construction harmonizes the different legislative acts and gives effect to what the legislature said.

We summarize: The assignment of wages earned or to be earned is regulated by §§ 4135-4137. The same sections regulate salaries as distinguished from wages. They apply to the earned and unearned salary of a county commissioner. And so applied they are constitutional.

Order affirmed.